JORDAN v SOLVENTOL CHEMICAL PRODUCTS, INC.

1. CONTRIBUTION—TORTS—JOINT TORTFEASORS—SEPARATE ACTS—CONTROL—STATUTES.

A right of contribution between joint tortfeasors was created in Michigan by a statute since repealed; however, parties were not held to be joint tortfeasors and were not liable for contribution where their acts were different and separate, and neither party had control or influence over the acts of the other (MCLA 600.2925[1]; MSA 27A.2925[1], repealed by 1974 PA 318, § 2).

2. CONTRIBUTION—TORTS—COMMON LIABILITY.

It is presently required that tortfeasors owe a common liability to a plaintiff before they are entitled to contribution from each other in Michigan.

3. CONTRIBUTION—WORKMEN'S COMPENSATION—CONTRIBUTION FROM EMPLOYER—TORTS—COMMON LIABILITY—NEGLIGENCE—THIRD PARTIES—DAMAGES.

An employer's liability to an injured employee is controlled by the Workmen's Compensation Act and is not dependent upon culpability; the employer has no common liability with a third party causing injury to the employee where the third party's liability is grounded upon negligence, breach of warranty or improper labeling of a hazardous substance; the third party cannot sue the employer for contribution to the employee's award of damages against the third party where the employee cannot sue the employer for damages in tort.

Appeal from Wayne, Roland L. Olzark, J. Submitted December 7, 1976, at Detroit. (Docket No. 28687.) Decided March 3, 1977. Leave to appeal denied, 400 Mich 844.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 74 Am Jur 2d, Torts § 61.

[3] 74 Am Jur 2d, Torts § 77.

82 Am Jur 2d, Workmen's Compensation §§ 60, 431, 432.

Effect of workmen's compensation act on right of third-person tortfeasor to recover contribution from employer of injured or killed workman. 53 ALR2d 977.

Complaint by Melvin Jordan and Mary Jordan against Solventol Chemical Products, Inc., for damages for negligence, breach of warranty, and improper labeling of a hazardous substance. Third-party complaint by defendant against Ag-Tec Chemical Company and Crown Packing Company. Summary judgment for Crown Packing Company on the third-party complaint. Solventol Chemical Products appeals. Affirmed.

*Stuart H. Brickner,* for plaintiffs Jordan.

*E. R. Whinham, Jr.,* for Solventol Chemical Products, Inc.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.,* for Crown Packing Company.

Before: BRONSON, P. J., and BASHARA and C. L. HORN,* JJ.

BASHARA, P. J. The plaintiff, Melvin Jordan, was injured at work while using a drain cleaner manufactured by the appellant. He and his wife brought an action against the appellant alleging negligence, breach of warranty, and improper labeling of a hazardous product.

The appellant brought a third-party action, GCR 1963, 204, against the appellee, the employer of the plaintiff, for contribution and indemnification. The appellee moved for summary judgment on the third-party complaint for failure to state a claim upon which relief could be granted, GCR 1963, 117.2(1), and the motion was granted. Appellant seeks review.

Our first consideration is whether the exclusive remedy provision of the Workmens' Compensation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Act, MCLA 418.131; MSA 17.237 (131),[1] as amended by 1972 PA 285, § 1, removed the bar against a third-party impleader action for contribution against an employer, which was previously recognized to exist in *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965).

At the time *Husted* was decided the exclusive remedy provision of the Workmens' Compensation Act provided:

."Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as herein provided, *shall be the exclusive remedy against the employer."* (Emphasis supplied.) 1943 PA 245, § 4.

It appeared to the Supreme Court that the intent of the Legislature, by this provision and its predecessors, was to grant an employer "outright and absolute immunity from liability [except as provided in the act] stemming from each compensable injury". *Husted v Consumers Power Co, supra,* at 53. Consequently, the Court held that this section destroyed a third party's claim for contribution. *Husted v Consumers Power Co, supra,* at 54.

By 1969 PA 317, § 898 the Legislature repealed 1943 PA 245, § 4, and enacted a new Workmens' Compensation Act, *Ray v Transamerica Insurance Co,* 46 Mich App 647, 652; 208 NW2d 610 (1973), which adopted substantially the same exclusive remedy provision. 1969 PA 317, § 131, MCLA 418.131; MSA 17.237(131).[2] Subsequently, the exclusive remedy provision was amended by 1972 PA 285, § 1, which states:

---

[1] Formerly MCLA 411.4; MSA 17.144.

[2] 1969 PA 317, § 131:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as provided in this act shall be the exclusive remedy against the employer."

"The right to the recovery of benefits as provided in this act shall be the *employee's exclusive remedy against the employer.* As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract." (Emphasis supplied.)

The appellant asserts that since it is not an employee, it is not barred from seeking contribution.

We need not answer that contention. The decision in *Husted v Consumers Power Co, supra,* at 54–56, not only premised its decision on 1943 PA 245, § 4, but also concluded that the clear weight of authority prohibited contribution where there was no common liability between the third party and the employer.

The substantive rights and liabilities of all present parties are determined according to the law at the time the plaintiffs' claims accrued on May 3, 1973. *Husted v Consumers Power Co, supra,* at 47. A right to contribution between joint tortfeasors existed at the time this action accrued pursuant to 1961 PA 236, § 2925(1).[3] Parties are not joint tortfeasors if their acts are different and separate, and neither party has control or influence over the acts of others. *Geib v Slater,* 320 Mich 316, 320; 31 NW2d 65 (1948). It is apparent that the appellant and appellee are not joint tortfeasors for the purposes of contribution under 1961 PA 236, § 2925(1).

In *Moyses v Spartan Asphalt Paving Co,* 383

[3] MCLA 600.2925(1); MSA 27A.2925(1), repealed by 1974 PA 318, § 2.

Mich 314, 334; 174 NW2d 797 (1970), the Supreme Court overruled what was left of Michigan's common-law bar to contribution between nonintentional wrongdoers. To be entitled to contribution under these rules, it is required that the wrongdoers owe a "common liability" to the plaintiff. *Caldwell v Fox,* 394 Mich 401, 420; 231 NW2d 46 (1975), *Moyses v Spartan Asphalt Paving Co, supra,* at 330.

The Court in *Husted* found the decision of *Baltimore Transit Co v State,* 183 Md 674, 679; 39 A2d 858, 860 (1944), most valuable to its analysis. That case discussed common liability as follows:

"We think these provisions make it clear that the Act is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third party defendant. The right of contribution is a derivative right and not a new cause of action."

In the case at bar the appellee's liability is purely statutory pursuant to the Workmens' Compensation Act, and is not dependent upon culpability. The appellant's liability, on the other hand, is grounded upon plaintiffs' allegations of negligence, breach of warranty, and improper labeling of a hazardous product. There is no common liability. See 18 Am Jur 2d, Contribution, § 48, pp 69–70.[4]

Moreover, the appellant's right of contribution is derivative of the plaintiffs' rights. Since the plain-

[4] In *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 335; 174 NW2d 797 (1970), Justice BLACK in overruling the common-law bar against unintentional wrongdoers and in adopting the equitable principles of contribution refers us to 18 Am Jur 2d, Contribution, §§ 1–63, pp 6–95.

tiffs. cannot sue the appellant, neither can the appellee.

The appellant's remaining issue dealing with indemnification is controlled by Judge N. J. KAUF-MAN's excellent opinion in *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976).

Affirmed. Costs to appellee.