HILL v SULLIVAN EQUIPMENT COMPANY

Docket No. 77-1902. Submitted May 4, 1978, at Detroit.—Decided
November 6, 1978. Leave to appeal denied, 406 Mich —.

Plaintiffs Robert A. Hill and Dora Hill brought an action against
defendant Sullivan Equipment Company for damages for inju-
ries sustained by Robert Hill when he caught his arm in a
machine after reaching into a conveyor designed, manufactured
and installed by defendant Sullivan Equipment Company for
the Armen-Berry Company, Hill's employer. Sullivan filed a
third-party complaint against Armen-Berry seeking indemnifi-
cation. The Wayne Circuit Court, Michael L. Stacey, J., granted
the third-party defendant's motion for summary judgment on
the ground that the third-party complaint failed to state a
cause of action. Sullivan Equipment Company appeals. *Held:*

1. Common law indemnity is available only if the party
seeking it is not actively negligent. The court looks to the
primary plaintiff's complaint in determining this and if that
complaint alleges only active negligence, as opposed to deriva-
tive liability, the defendant is not entitled to common law
indemnity. Therefore, the trial court correctly determined that
the defendant was not entitled to common law indemnity since
the plaintiff's complaint did not allege vicarious liability.

2. The court must look to the third-party complaint as well
as the original complaint in determining whether the third-
party complaint stated a cause of action for indemnity based on
an implied contract. The trial court erred in granting the
summary judgment since the allegations contained in the third-
party complaint were sufficient to state a cause of action for
indemnity based on an implied contract.

Reversed and remanded.

D. F. WALSH, J., dissented and would hold that there can be

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 7] 1 Am Jur 2d, Actions § 59.
41 Am Jur 2d, Indemnity §§ 19-27.
66 Am Jur 2d, Restitution and Implied Contracts §§ 16, 153 *et seq.*
[2] 41 Am Jur 2d, Indemnity §§ 1-5.
[3, 6] 41 Am Jur 2d, Indemnity §§ 15-20.
[4, 6] 41 Am Jur 2d, Indemnity §§ 19-27.

no recovery on either the common law indemnity doctrine or an implied contract of indemnity unless the party seeking recovery is free from active negligence. The trial court did not err in granting the third-party defendant's motion for summary judgment since there could be no recovery against third-party plaintiff, Sullivan Equipment Company, unless active negligence was proven in the principal suit and, therefore, if active negligence were proven, there would be no right of indemnification.

## Opinion of the Court

1. APPEAL AND ERROR—INDEMNITY—SUMMARY JUDGMENTS—FAILURE TO STATE—CAUSE OF ACTION—THIRD-PARTY COMPLAINTS—ALLEGATIONS—IMPLIED INDEMNITY CONTRACTS.

   A third-party defendant's motion for summary judgment on the ground that the third-party complaint failed to state a cause of action was improperly granted where the allegations contained in the third-party complaint were sufficient to state a cause of action for indemnity from the third-party defendant based on an implied indemnity contract.

2. INDEMNITY—COMMON LAW.

   Common law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer.

3. INDEMNITY—COMMON LAW—ACTIVE NEGLIGENCE—PRIMARY PLAINTIFF'S COMPLAINT—DERIVATIVE LIABILITY.

   Common law indemnity is available only if the party seeking it is not actively negligent; the court looks at the primary plaintiff's complaint in determining this, and if that complaint alleges only active negligence, as opposed to derivative liability, the defendant is not entitled to common law indemnity.

4. TRIAL—INDEMNITY—THIRD-PARTY COMPLAINTS—ORIGINAL COMPLAINTS—CAUSES OF ACTION—IMPLIED INDEMNITY CONTRACTS.

   A trial court must look to the third-party complaint as well as to the original complaint in order to determine whether a third-party plaintiff has stated a cause of action for indemnity based on an implied indemnity contract.

5. APPEAL AND ERROR—WELL-PLEADED FACTS—THIRD-PARTY COMPLAINTS—RIGHT TO RECOVERY—SUMMARY JUDGMENTS—CAUSE OF ACTION—FAILURE TO STATE.

   The Court of Appeals will accept well-pleaded facts contained in a third-party complaint as true and inquire whether these claims

are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery when the Court reviews a trial court's granting of a summary judgment to a third-party defendant on the ground that the third-party complaint failed to state a cause of action.

DISSENT BY D. F. WALSH, J.

6. INDEMNITY—ACTIVE NEGLIGENCE—COMMON LAW—IMPLIED CONTRACTS.

   *A party seeking indemnification must be free from active negligence where his claim is based upon the common law indemnity doctrine or an implied contract of indemnity.*

7. APPEAL AND ERROR—THIRD-PARTY COMPLAINTS—SUMMARY JUDGMENT—CAUSE OF ACTION—FAILURE TO STATE—ACTIVE NEGLIGENCE.

   *A trial court did not err in granting a third-party defendant's motion for summary judgment on the ground that the third-party complaint failed to state a cause of action for indemnity where there could be no recovery against the third-party plaintiff unless active negligence was proven against the third-party plaintiff in the principal suit and, therefore, if such active negligence were proven, the third-party plaintiff would not have a right of indemnification.*

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen,* for defendant and third-party plaintiff-appellant, Sullivan Equipment Company.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.,* for third-party defendant-appellee, Armen-Berry Company.

Before: M. F. CAVANAGH, P.J., and BRONSON and D. F. WALSH, JJ.

BRONSON, J. Robert Hill, the principal plaintiff, was injured at work when he reached into a screw conveyor and caught his arm in the screw mechanism. Hill sued defendant Sullivan Equipment Co, which designed, manufactured and installed the

conveyor for Hill's employer, Armen-Berry Company.

Sullivan filed a third-party complaint against Armen-Berry which alleged that Sullivan had originally designed the machine with a protective cover, but that Armen-Berry had explicitly rejected this design and insisted that the machine be installed without the cover. The third-party complaint further alleged that Armen-Berry stated to Sullivan that the machine would be used in such a manner that the screw conveyor would be inaccessible to workmen while the machine was in operation.

The trial court granted Armen-Berry's summary judgment motion on the third-party complaint, holding that it failed to state a cause of action for indemnity. See GCR 1963, 117.2(1).

Defendant Sullivan alleges alternatively that it is entitled to common law indemnity or indemnity under an implied contract.

I

Common law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer. See, *e.g., Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976). See generally Prosser, Torts (4th ed), § 51. In the typical case, indemnity is available only if the party seeking it is not "actively" negligent. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974), *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973). In determining this, the court looks to

the primary plaintiff's complaint. If that complaint alleges only "active" negligence, as opposed to derivative liability, the defendant is not entitled to common law indemnity. *Prosky v National Acme Co,* 404 F Supp 852 (ED Mich, 1975) (decided under Michigan law), *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976). Accord, *Jordan v Solventol Chemical Products, Inc,* 74 Mich App 113; 253 NW2d 676 (1977).

In the case at bar, plaintiffs' complaint does not allege vicarious liability; the trial court, therefore, correctly determined that defendant was not entitled to common law indemnity. *Prosky v National Acme Co, supra, Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976), *Minster Machine Co v Diamond Stamping Co, supra.*

## II

The other basis for indemnity raised by Sullivan is an implied indemnity contract. This basis has been recognized in Michigan, see, *e.g., Dale v Whiteman,* 388 Mich 698, 705; 202 NW2d 797 (1972), citing *Diamond State Telephone Co v University of Delaware,* 269 A2d 52 (Del, 1970). See also *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship Corp,* 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956). To determine whether a third-party plaintiff has stated a cause of action for indemnity based on an implied contract, the court must look to the third-party complaint as well as the original complaint. See *Diekevers v SCM Corp, supra,* at 81. As this case arises on summary judgment for failure to state a cause of action, we accept as true third-party plaintiff's well-pleaded facts and inquire whether these claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

*Borman's, Inc v Lake State Development Co,* 60
Mich App 175, 179–180; 230 NW2d 363 (1975).

In the case at bar, Sullivan alleged in its third-
party complaint that Armen-Berry unqualifiedly
rejected a proposed protective cover for the ma-
chine which injured plaintiff and advised Sullivan
that the machinery would be situated and used so
that it would be inaccessible to workers while in
operation. We believe these allegations are suffi-
cient to state a cause of action for indemnity. *I.e.,*
by expressly rejecting the proposed cover and un-
dertaking to situate the conveyor so that it would
be inaccessible, Armen-Berry may have impliedly
agreed to indemnify Sullivan should Sullivan be
held liable for Armen-Berry's rejection of the cover
or failure to use the machine as proposed.

As the third-party complaint thus stated a cause
of action for indemnity, summary judgment should
not have been granted.

Reversed and remanded. Costs to appellant.

M. F. CAVANAGH, P.J., concurred.

D. F. WALSH, J. *(dissenting).* I must respectfully
dissent. Whether indemnification is based upon the
common law indemnity doctrine or an implied
contract of indemnity there can be no recovery on
this theory unless the party seeking recovery is
free from active negligence.

In *Dale v Whiteman,* 388 Mich 698; 202 NW2d
797 (1972), relied upon by the majority, the Su-
preme Court discussed various theories of indem-
nity and concluded at 705:

"Whatever theory may be followed by the courts, the
principle has been summed up in 42 CJS as follows:

'It is a well-recognized rule that an implied contract
of indemnity arises in favor of a person who *without*

*any fault on his part* is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity * * * .' (42 CJS, § 21, p 596.)" (Emphasis added.)

In this case there can be no recovery against Sullivan Equipment Co. unless active negligence is proven in the principal suit. If active negligence is proven, there is no right of indemnification. *Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976).

I would affirm the trial court.