DUHAME v KAISER ENGINEERING OF MICHIGAN, INC

Docket Nos. 47040, 47326, 47327. Submitted October 7, 1980, at Grand Rapids.—Decided November 21, 1980. Leave to appeal applied for.

Ronald R. Duhame, an employee of W & K Erectors, Inc., was fatally injured in a construction accident. Mary Lou Duhame, individually and as special administrator of the estate of Ronald F. Duhame, and others brought an action for personal injury and wrongful death damages against Kaiser Engineering of Michigan, Inc., an engineering firm charged with the overall supervision of the construction project on which decedent was working at the time of that injury, Cleveland Cliffs Iron Company and others for whom the project was being undertaken, and Whitehead and Kales Company, the general contractor which engaged decedent's employer as a subcontractor. The defendants in this principal action commenced a third-party action for indemnity against W & K Erectors, Inc. W & K Erectors moved for summary judgment in the third-party action, arguing that the plaintiffs' complaint in the principal action alleged only active negligence on the part of the principal defendants and, accordingly, an action for indemnification was precluded. The Marquette Circuit Court, Edward A. Quinnell, J., granted the third-party defendant's motion for summary judgment and dismissed the third-party action. Third-party plaintiffs appealed on leave granted. *Held:*

1. A motion for summary judgment on the ground that a party failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone. The test for whether such a motion should be granted is whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development would possibly justify a right to recovery.

2. Common law indemnity, being based upon the equitable principle that a wrongful act that results in liability by another entitles that other person to restitution from the wrongdoer, is

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 61 Am Jur 2d, Pleading § 229.
[2] 41 Am Jur 2d, Indemnity §§ 1, 11.
[3, 4] 41 Am Jur 2d, Indemnity § 16.

available only where the party seeking indemnity is not actively negligent. The question of whether a party is entitled to indemnity is determined by ascertaining whether the primary plaintiff's complaint alleges only active negligence by the principal defendant, as opposed to derivative liability on the principal defendant's part.

3. While there is a split of authority on the Court of Appeals as to whether an allegation that the work undertaken by an agent is an inherently dangerous activity constitutes a claim of active negligence by the principal as opposed to a claim of vicarious liability on the part of the principal, the better view is that such an allegation constitutes a claim based on active negligence, since liability under such circumstances arises out of the principal's breach of its nondelegable duty to see that the work of the agent is done with the requisite duty of care. Viewed in that perspective, the complaint of the principal plaintiffs charged the principal defendants with only active negligence. Accordingly, the principal defendants' claim for indemnity in their third-party action failed to state a cause of action upon which relief could be granted. Summary judgment in favor of the third-party defendant, therefore, was properly granted.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — SUFFICIENCY OF PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that a party failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. INDEMNITY — COMMON LAW.

Common law indemnity is based on the equitable principle that where a wrongful act results in another being held liable the latter party is entitled to restitution from the wrongdoer.

3. INDEMNITY — COMMON LAW — ACTIVE NEGLIGENCE — PRIMARY PLAINTIFF'S COMPLAINT — DERIVATIVE LIABILITY.

Common law indemnity is available only if the party seeking it is not actively negligent; the court looks at the primary plaintiff's complaint in determining this; if that complaint alleges only active negligence as opposed to derivative liability, the indemnity claimant is not entitled to common law indemnity.

4. MASTER AND SERVANT — NEGLIGENCE — INHERENTLY DANGEROUS ACTIVITIES — PRINCIPAL AND AGENT — NONDELEGABLE DUTIES.

   An allegation that the work undertaken by an agent was an inherently dangerous activity gives rise to a claim against the principal on the basis of active negligence by the principal, since liability under such circumstances arises out of the principal's breach of its nondelegable duty to see that the work of the agent is done with the requisite degree of care.

5. INDEMNITY — COMMON LAW — SUMMARY JUDGMENT — ACTIVE NEGLIGENCE.

   Summary judgment in favor of the defendant in a third-party action for common law indemnity is properly granted where the principal complaint alleges only active negligence on the part of the principal defendant.

*Clark, Klein & Beaumont* (by *M. V. Kell)*, for Kaiser Engineering of Michigan, Inc.

*Kendricks, Bordeau, Casselman, Adamini & Keefe, P.C.,* for Cleveland Cliffs Iron Company, Tilden Mining Company, Tilden Iron Ore Company, J & L Cliffs Ore Partnership, Jones and Laughlin Ore Mining Company and Cleveland Cliffs Ore Corporation.

*Hansley, Neiman, Peterson, Beauchamp, Stupak & Bergman, P.C.,* for Whitehead & Kales Company.

*Corcoran & Ingleson, P.C.,* for W & K Erectors, Inc.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Plaintiffs' decedent, Ronald Francis Duhame, sustained personal injuries and died as a result of a construction accident. Plaintiffs filed suit in circuit court, seeking personal injury and wrongful death damages from defendants, owners

of the property where the accident occurred and the general contractor. Defendants filed a third-party indemnification complaint against W & K Erectors, Inc. (hereinafter W & K), a subcontractor and decedent's employer at the time of the accident. W & K filed a motion for summary judgment under GCR 1963, 117.2(1). The motion asserted that the principal complaint alleged only active negligence on the part of defendants, thereby precluding an action of indemnification against W & K. The trial court granted the motion. Defendants' motions for interlocutory appeal were granted.

GCR 1963, 117.2(1) states that the movant is entitled to summary judgment in his favor when the opposing party has failed to state a claim upon which relief can be granted. A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of the complaint and is to be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true well-pleaded facts in the complaint and to determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979).

The law in Michigan as to common-law indemnity has been succinctly summarized by this Court in *Hill v Sullivan Equipment Co,* 86 Mich App 693, 696-697; 273 NW2d 527 (1978):

"Common law indemnity is based on the equitable principle that where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer. See, *e.g., Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1976). See generally Prosser, Torts (4th ed), § 51. In the typical case, indemnity is available only if the party seeking it

is not 'actively' negligent. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974), *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973). In determining this, the court looks to the primary plaintiff's complaint. If that complaint alleges only 'active' negligence, as opposed to derivative liability, the defendant is not entitled to common law indemnity. *Prosky v National Acme Co,* 404 F Supp 852 (ED Mich, 1975) (decided under Michigan law), *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976). Accord, *Jordan v Solventol Chemical Products, Inc,* 74 Mich App 113; 253 NW2d 676 (1977)."

See, also, *Darin & Armstrong, Inc v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979), 41 Am Jur 2d, Indemnity, § 20, pp 706-710.

The gravamen of the principal complaint is contained in paragraphs nine through twelve. Those paragraphs allege that the defendants breached their duties to provide decedent with a safe place to work, to warn decedent of hidden dangers, and to make adequate safety inspections. These allegations clearly claim active negligence on the part of defendants rather than vicarious liability.

Defendants point to paragraph ten of the principal complaint in support of their argument that it alleges vicarious liability. Paragraph ten avers that Cleveland Cliffs Iron Company and Kaiser Engineering of Michigan, Inc., defendants, breached their duty to ensure that the highly dangerous activities which were taking place at the construction project were being done in a safe manner.

There is a split of authority in this Court on the issue of whether invocation of the "inherently dangerous activity doctrine" can be construed as

constituting a vicarious liability claim. *Mulcahy v Argo Steel Construction Co*, 4 Mich App 116, 127; 144 NW2d 614 (1966), and *Nanasi v General Motors Corp*, 56 Mich App 652; 224 NW2d 914 (1974), support defendants' position. However, we believe that the better view is found in *Witucke v Presque Isle Bank*, 68 Mich App 599, 610; 243 NW2d 907 (1976), where this Court held that the inherently dangerous activity doctrine presents a claim of active rather than passive negligence. The Court in *Witucke* stated:

"We believe that any liability for injuries resulting from 'inherently dangerous' activities of Midwest as an independent contractor properly remained in the case. Although the 'inherently dangerous' doctrine is not without some confusion, see *Funk v General Motors Corp*, 392 Mich 91, 128-129; 220 NW2d 641 (1974), (COLEMAN, J., dissenting), we believe that an essential element of the doctrine is the failure of the principal to see that all appropriate precautions are taken by the one to perform the inherently dangerous task. The doctrine, in short, says that the principal is negligent, and hence liable, because it has allowed the independent contractor to be negligent in performing the job. There is a nondelegable duty to see that the work is done with the requisite degree of care; when the contractor fails in fulfilling *its* duty of care, the principal has breached *its own* precautionary duty." (Emphasis added.)

See, also, *Tiffany v The Christman Co*, 93 Mich App 267, 285-286; 287 NW2d 199 (1979), where the Court held:

"The third-party complaint alleged a claim for both common-law and contractual indemnification. However, the jury was instructed only on the latter theory. This was proper, because a party must prove that it is free from active causal fault to be entitled to common-law

indemnity. *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58, 62; 248 NW2d 676 (1976). There was no theory of liability alleged in this case where Daverman could be held liable without there being some determination of fault on its part. Even if the jury concluded that the work involved was inherently dangerous, the liability imposed upon Daverman would not be based upon a theory of *respondeat superior,* but rather upon a finding of negligence on Daverman's part."

We believe that *Witucke* and *Tiffany* more closely follow precedent set by the Michigan Supreme Court concerning the inherently dangerous activity doctrine. See *Funk v General Motors Corp,* 392 Mich 91, 108-109; 220 NW2d 641 (1974), and *McDonough v General Motors Corp,* 388 Mich 430; 201 NW2d 609 (1972).

The trial court correctly ruled that defendants did not state a claim upon which relief could be granted by reason of the fact that the principal complaint alleged no vicarious liability.

Affirmed. Costs to third-party defendant, W & K Erectors, Inc.