Gerald BULLOCK, Plaintiff,

v.

BLACK & DECKER, INC., a foreign corporation, Defendant and Third Party Plaintiff,

v.

TROY WOOD PRODUCTS, Third Party Defendant.

Civ. A. No. 79–71324.

United States District Court, E. D. Michigan, S. D.

Dec. 8, 1980.

Martin E. Stein, Levine & Benjamin, Detroit, Mich., for plaintiff.

Dennis M. Goebel, Harvey, Kruse & Westen, Detroit, Mich., for defendant and third party plaintiff.

Ralph F. Valitutti, Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, Detroit, Mich., for Troy Wood Products.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The parties stipulated to allow defendant permission to file a third party complaint against plaintiff's employer. Pursuant to the stipulation, the court allowed the third party complaint to be filed, provided, however, that the employer/third party defendant have the right to raise the defense that defendant/third party plaintiff's complaint fails to state a cause of action against him, or that this is an inappropriate matter for a third party claim. For ease of reference, the plaintiff will be referred to as the employee, the defendant as the manufacturer, and the third party defendant as the employer.

This is a product liability action, in which an employee seeks recovery against the manufacturer of a radial arm saw which he used in the course of his employment. Among the allegations comprising the negligence count, the employee alleges that the manufacturer was negligent by: designing, constructing and manufacturing the saw in a faulty and unsafe manner; failing to furnish adequate and proper instructions for the maintenance and operation of the saw; failing to install necessary equipment, parts and apparatus on the saw; failing to equip the saw with available modern safety devices; and failing to equip the saw with proper guarding devices. (Count I, ¶¶ 6(a), (d), (e), (f), and (i).)

After the third party complaint was served on the employer by the manufacturer, the employer moved for an order vacating the court's permission to the defendant to proceed against it. The court is of the opinion that the third party complaint fails to state a cause of action and for this reason should be dismissed.

The law is settled in Michigan that a defendant in an action brought by another's employee can, under limited circumstances, sue the employer of that employee for indemnity. *Dale v. Whiteman*, 388 Mich. 698, 202 N.W.2d 797 (1972). Under *Dale*, however, common law indemnity claim can be successful only if the defendant/indemnitee is free from personal fault. Generally, where a defendant is alleged to be at fault in the construction, design, marketing, or distribution of its product, a common law indemnity claim will not lie. *Prosky v. National Acme Co.*, 404 F.Supp. 852 (E.D. Mich.1975); *Proctor & Schwartz, Inc. v. U.S. Equipment Co.*, 624 F.2d 771 (6th Cir. 1980).

Two recent cases, however, have recognized a cause of action based on an implied contract of indemnity. *Proctor, supra; Hill v. Sullivan Equipment Co.*, 86 Mich.App. 693, 273 N.W.2d 527 (1978). These cases hold that where the relationship between the employer and the manufacturer is sufficient to state a cause of action based on an implied contract of indemnity, the personal fault of the defendant/manufacturer is irrelevant.

An implied contract of indemnity, however, is found only in limited situations. Essential to the implied contract theory of indemnity is an undertaking by the employer to perform some obligation of the manufacturer or to take special precautions with

the manufacturer's product so that others will not be injured. In *Hill*, for example, a product liability case having the same posture as the case before this court, the court noted that the employer had "unqualifiedly rejected a proposed protective cover" for the machine which injured the plaintiff and had advised the manufacturer "that the machine would be inaccessible to workers while in operation." *Hill, supra*, at 698, 273 N.W.2d 527. The court concluded that these allegations were sufficient to state a cause of action for indemnity:

> [B]y expressly rejecting the proposed cover and undertaking to situate the conveyor so that it would be inaccessible, [the employer] may have impliedly agreed to indemnify [the manufacturer] should [the manufacturer] be held liable for [the employer's] rejection of the cover or failure to use the machine as proposed. *Id.*

In *Proctor*, the employer and the manufacturer had an express contract which provided that the employer was to furnish and install necessary guards for the exposed parts of the machine on which the employee was injured. The apparent purpose for this agreement was to insure that the guards would comply with the laws of the district in which the machine was to be installed. The injured employee had sued the manufacturer and had alleged that the machine had inadequate warnings to alert the operator of possible dangers, was defectively designed, and lacked the proper safety devices. The Sixth Circuit concluded on these facts that the manufacturer had stated a cause of action against the employer based on an implied agreement of indemnification. In its complaint, the manufacturer had alleged that the safety devices were not installed by the employer as the employer had agreed to do. The act or omission upon which the manufacturer's liability was premised, in turn, was the act or omission specifically undertaken by the employer. *Proctor*, at 775.

Thus, both *Hill* and *Proctor* require two bases for a cause of action based on an implied agreement of indemnification: *first*, a specific undertaking by the employer to perform some act or service for the manufacturer; and *second*, an attempt, by the employee, to hold the manufacturer liable for the failure to perform the act which the employer had obligated itself to do. In *Hill*, the employer had expressly rejected a proposed guard and had advised the manufacturer that it would situate the machine so that it was not accessible to others who could be injured. In *Proctor*, the employer had specifically promised, by contract, to furnish the necessary safety devices. In both cases, the manufacturer was sought to be held liable by an injured employee for the injuries sustained due to the employer's breach of its self–imposed obligations. Thus, in both cases, the employer had obligated itself to provide safety devices or to take safety precautions which it ultimately failed to do. The manufacturer, however, was the entity against whom primary relief was sought by the employee. The employer, under these circumstances, was held to be a proper defendant to an indemnity claim against it by the manufacturer.

■ Examining the allegations of the third party complaint in this case, it is clear that it does not state a cause of action on an implied contract of indemnity against the employer. The manufacturer simply alleges in this case that the employer purchased the saw with a guard (¶ 4), and that the employer "impliedly warranted" that the machine would be used in a reasonable safe fashion and that the guard would not be removed (¶ 5), and that the employer breached this implied warranty (¶ 6). No specific undertaking by the employer is alleged by the manufacturer in this case, and thus nothing upon which an action for implied indemnity can be based. The manufacturer's claim that the employer "impliedly warranted" that the machine would be used in a specific manner misses the import of *Hill* and *Proctor*. Both cases require an explicit undertaking by the employer before it can be called to answer a third party complaint in implied indemnity. *Proctor*, at 774. The manufacturer here attempts to build one implied agreement on top of another. This theory of liability is too attenu-

ated to fit within the narrow area authorized by *Hill* and *Proctor*.

 The extremely narrow scope of *Hill* and *Proctor* deserves emphasis. Of overriding importance is the principle which forms the basis for common law indemnity in Michigan. This principle is one of restitution, requiring that everyone be responsible for his own negligence, and dictating that a party who must pay an obligation resulting from another's wrongful action should have the right to recover over against the real wrongdoer. From this flows the requirement that one seeking indemnity be free from personal fault. Where a party seeking indemnity is himself a wrongdoer, he should not recover. But where the party seeking indemnity is sought to be held liable for another's wrongful conduct, and is not himself responsible for the wrong suffered, equity allows him to recover from the actual wrongdoer.

The exception to this rule permitting indemnity against an employer, as set forth by *Hill* and *Proctor*, applies only where an express undertaking by the employer has been made; this undertaking is what forms the basis for the legally implied contract of indemnity. The express undertaking allows the court to imply a promise on the part of the employer to compensate the manufacturer for any liability the manufacturer suffers due to the employer's breach of its self–imposed obligation. Conversely, without such an express undertaking, there is nothing from which a *contract* of indemnification can be implied. In this latter circumstance, the alleged fault of the primary defendant, the manufacturer, defeats any claim for indemnity from the employer.

 In this case, plaintiff has alleged that his injuries are due to the manufacturer's negligence. It is, of course, obvious, that the manufacturer will not be liable to the employee at all if there was no fault on its part. See *Hill*, 86 Mich.App. at 699, 273 N.W.2d 527 (Walsh, J., dissenting.) It is also the case that a manufacturer in Michigan has a duty to guard against unreasonable and foreseeable risks, including the risk of misuse by the employer. *Prosky,*

*supra,* at 857. It follows from this that the general rule which requires that each person be responsible for his own wrongdoing defeats the manufacturer's indemnity claim against the employer in this case, in the absence of an express undertaking by the employer. As has been demonstrated, there is nothing from which the court can imply a contract of indemnification on the part of the employer.

 It is clear from the above that Counts I and II of the manufacturer's third party complaint must be dismissed for failing to state a claim on which relief can be granted. Count III, which attempts to state a cause of action for contribution, is not allowable for the fundamental reason that permission was sought to add the employer as a third party defendant only on the implied indemnity basis, and not for contribution. Additionally, the result in *Dale v. Whiteman, supra,* which allows a form of "indirect recovery" against the employer by the employee, should not be extended to encompass a claim for contribution.

In accordance with the above, the third party complaint in this case is dismissed.

So ordered.