## CUTTER v MASSEY-FERGUSON, INC

Docket No. 57888. Submitted January 6, 1982, at Lansing.—Decided March 3, 1982.

Lance Cutter was severely injured when his legs became entangled in the intake area of an auger-feed conveyor system while working on the farm of his employer, George Pardonnet. Cutter brought suit in Shiawassee Circuit Court against Massey-Ferguson, Inc., Badger-Northland, Inc., a wholly-owned subsidiary of Massey-Ferguson, Inc., which designed and manufactured the conveyor, and others, claiming negligence in failing to instruct adequately as to safety requirements, to warn sufficiently regarding safe operation and to obtain and install necessary additional components for safe use. Badger moved to add Pardonnet as a third-party defendant. The motion was granted over plaintiff's objection, Peter J. Marutiak, J. Badger filed a third-party complaint seeking indemnification from Pardonnet should Badger be found liable to plaintiff, claiming that Pardonnet was negligent and that his negligence was a direct and proximate cause of some or all of plaintiff's injuries, seeking a determination of the percentage of Pardonnet's causal negligence and alleging that an implied indemnity agreement has arisen between itself and Pardonnet and that Pardonnet violated the implied indemnity agreement by acting negligently. Badger further argued that, the exclusive remedy provision of the workers' compensation act notwithstanding, an employer may be joined as a third-party defendant in this type of products liability action for the purpose of determining the percentage of causal negligence as between defendants and, thus, reducing the primary defendant's liability to the plaintiff. Pardonnet moved for summary judgment, claiming that Badg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 50.
[2] 41 Am Jur 2d, Indemnity §§ 9, 19, 42.
[3, 5] 41 Am Jur 2d, Indemnity § 19.
[4] 41 Am Jur 2d, Indemnity § 42.
[6] 41 Am Jur 2d, Indemnity § 25.
[7] Am Jur 2d, New Topic Service, Comparative Negligence § 29.

er's complaint failed to state a claim upon which relief could be granted. The motion was denied. *Pardonnet* appeals by leave granted the denial of the motion for summary judgment. *Held:*

1. Badger does not have any third-party cause of action against Pardonnet on a theory of common-law indemnity even if Badger had specifically so pled because plaintiff charged Badger with direct, active negligence.

2. The amended third-party complaint by Badger does not state an enforceable cause of action against Pardonnet on a theory that, by accepting component parts to the conveyor system, Pardonnet impliedly warranted to follow the recommendations and instructions in the manuals provided by Badger because Pardonnet did not specifically undertake to perform some act for Badger.

3. The adoption of the doctrine of comparative negligence in Michigan did not abrogate the concept of joint and several liability and does not require allocation of fault in a case such as this.

4. It was error for the trial court to deny Pardonnet's motion for summary judgment on the third-party claim. The trial court's denial of Pardonnet's motion for summary judgment is reversed and the case is remanded to the trial court for entry of summary judgment in favor of Pardonnet, dismissing the amended third-party complaint of Badger.

Reversed and remanded.

BRONSON, J., concurred but wrote separately to state his intention to deal extensively, in a case currently pending before the Court of Appeals, with the issue of comparative negligence among joint tortfeasors in light of the Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), in which the doctrine of comparative negligence was formally adopted in the State of Michigan.

1. WORKERS' COMPENSATION — REMEDIES.

The workers' compensation act furnishes the exclusive remedy against an employer for injuries to an employee (MCL 418.131; MSA 17.237[131]).

2. NEGLIGENCE — INDEMNITY — COMMON LAW.

An action for common-law indemnity in a negligence case lies only where a claimant alleges and proves that he is without personal fault, that he is not the party best suited to insure preventative measures and that his negligence, if any, was only passive negligence.

3. Indemnity — Common-Law Indemnity.

>    Common-law indemnity is intended only to make whole again a
>    party held vicariously liable to another through no fault of his
>    own.

4. Indemnity — Common-Law Indemnity — Active Negligence.

>    A defendant is not entitled to assert common-law indemnity
>    where the primary complaint alleges active negligence on the
>    part of the defendant.

5. Indemnity — Implied Contract of Indemnity.

>    An implied contract of indemnity may be the basis for an action
>    for indemnity in Michigan; an implied contract of indemnity in
>    a negligence action arises in favor of a person who without any
>    fault on his part is exposed to liability and compelled to pay
>    damages on account of the negligence or tortious act of an-
>    other; this right of indemnity is based on the principle that
>    everyone is responsible for his own negligence and it exists
>    independently of statute, and whether or not contractual rela-
>    tions exist between the parties, and whether or not the negli-
>    gent person owed the other a special or particular legal duty
>    not to be negligent.

6. Indemnity — Implied Contract of Indemnity.

>    An action by a manufacturer against an employer based on an
>    implied agreement of indemnification requires: (1) a specific
>    undertaking by the employer to perform some act or service for
>    the manufacturer; and (2) an attempt by an employee of the
>    employer to hold the manufacturer liable for the failure to
>    perform the act which the employer had obligated itself to do.

7. Negligence — Joint and Several Liability — Comparative
   Negligence.

>    The concept of joint and several liability has not been abrogated
>    by adoption of the doctrine of comparative negligence.

*Shanahan & Scheid,* for plaintiff.

*Ronald R. Pawlak, P.C.,* for Badger-Northland,
Inc.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Pe-
ter L. Dunlap* and *Paula R. Latovick),* for George
Pardonnet.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

BEASLEY, J. On December 6, 1977, while working on the farm of his employer, third-party defendant and appellant George Pardonnet, plaintiff, Lance Cutter, was severely injured when his legs became entangled in the intake area of an auger-feed conveyor system. Plaintiff sued Massey-Ferguson, Inc., its wholly-owned subsidiary and the designer and manufacturer of the conveyor system, defendant Badger-Northland, Inc., and others, claiming negligence in failing to instruct adequately as to safety requirements, to warn sufficiently regarding safe operation and to obtain and install necessary additional components for safe use. Defendant Badger moved to add Pardonnet as a third-party defendant. Over plaintiff's objection, the trial court added Pardonnet as a third-party defendant. Plaintiff filed with this Court a delayed application for leave to appeal from the order of the trial court adding Pardonnet as a third-party defendant. Leave to appeal was denied on June 16, 1981. Defendant Badger then filed a third-party complaint and, subsequently, an amended third-party complaint seeking indemnification from third-party defendant, Pardonnet, which latter pleading included the theory of implied contractual indemnification should defendant Badger be found liable to plaintiff. Pardonnet moved for summary judgment under GCR 1963, 117.2(1) on the basis that each count of defendant Badger's amended third-party complaint failed to state a claim upon which relief could be granted. On March 16, 1981, the trial court denied the motion for summary judgment. Then, Pardonnet filed with this Court a petition for leave to appeal the order of the trial

court denying his motion for summary judgment, and we granted leave.

On appeal, plaintiff joins with Pardonnet in seeking reversal of the trial court's denial of Pardonnet's motion for summary judgment.

Third-party defendant and appellant, Pardonnet, has paid workers' compensation benefits to plaintiff for the subject injuries which occurred during the course of plaintiff's employment. The workers' compensation act furnishes the exclusive remedy against an employer for injuries to an employee.[1] Consequently, by virtue of the provisions of the workers' compensation statute, plaintiff is prohibited from asserting a claim against his employer, Pardonnet, for any alleged negligence of Pardonnet.

Defendant and third-party plaintiff, Badger-Northland, argues that an employer may be joined as a third-party defendant in this kind of products liability suit for the purpose of determining the percentage of causal negligence as between defendants (including third-party defendants) and, thus, reducing the primary defendant's liability to the plaintiff.

In the third-party complaint, Badger claims that Pardonnet was negligent, which negligence was a direct and proximate cause of some or all of plaintiff's injuries. Accordingly, Badger seeks a determination of the percentage of Pardonnet's causal negligence. Badger also alleges in its count three that there is an implied indemnity agreement that has arisen between itself and Pardonnet. Badger claims that, by acting negligently, Pardonnet violated the implied indemnity agreement.

In this case, plaintiff charges Badger with direct,

---

[1] MCL 418.131; MSA 17.237(131), *Solakis v Roberts*, 395 Mich 13, 20; 233 NW2d 1 (1975).

active negligence in the following three particulars: (1) in failing to require purchasers to obtain and install necessary components for safe operation; (2) in negligently designing and manufacturing the auger-feed conveyor; and (3) in failing to instruct, warn, or supervise the unit's safe installation and safe operation. Under these circumstances, Badger would not have any third-party cause of action on a theory of common-law indemnity against third-party defendant Pardonnet even if Badger had specifically so pled.

An action for common-law indemnity lies only where a claimant alleges and proves that he is without personal fault, that he is not the party best suited to insure preventative measures and that his negligence, if any, was only passive negligence.[2] Common-law indemnity is intended only to make whole again a party held vicariously liable to another through no fault of his own.[3] Where the primary complaint alleges active negligence, as here, a defendant is not entitled to assert common-law indemnity.[4]

However, as indicated, in its first amended third-party complaint, Badger also seeks indemnification from plaintiff's employer, Pardonnet, on the basis of an implied indemnity contract. This basis has been recognized in Michigan.[5]

In undertaking to interpret the Michigan law, the federal cases are interesting and instructive.

[2] *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976), *Provencal v Parker,* 66 Mich App 431; 239 NW2d 623 (1975).

[3] *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972).

[4] *Brown v Unit Products Corp,* 105 Mich App 141; 306 NW2d 425 (1981).

[5] *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978), *lv den* 406 Mich 880 (1979), *Pontious v E W Bliss Co,* 102 Mich App 718, 722; 302 NW2d 293 (1981).

In *Venters v Michigan Gas Utilities Co*,[6] which was essentially an appeal from a denial of a motion to dismiss a third-party complaint brought by a third-party defendant (employer), the court held that the third-party complaint stated an enforceable claim for indemnity against the third-party defendant as a matter of law. The *Venters* court reasoned that a jury might find defendant liable to plaintiff only as a passive tortfeasor and that a third-party defendant might be found liable as an active tortfeasor. Therefore, the court denied the motion for summary judgment and set the matter down for trial.

In *Bullock v Black & Decker, Inc*,[7] the court discussed the limited circumstances in which a defendant in an action brought by another's employee can sue the employer for indemnity, namely, where an implied contract of indemnity exists between a defendant who is also a third-party plaintiff and a third-party defendant employer. The *Bullock* court denied that there was a basis for an implied contract of indemnity, holding that the manufacturer was attempting to build one implied agreement on top of another and that his theory of liability was too attenuated to fit in the narrow area authorized by the Michigan cases.[8]

In the instant case, in denying the motion for summary judgment brought by third-party defendant, Pardonnet, the trial court appeared to rely upon *Hill v Sullivan Equipment Co*,[9] where we held:

[6] 493 F Supp 345 (WD Mich, 1980).

[7] 502 F Supp 580 (ED Mich, 1980).

[8] *Proctor & Schwartz, Inc v United States Equipment Co*, 624 F2d 771 (CA 6, 1980), *Hill v Sullivan Equipment Co, supra*.

[9] *Hill, supra*, 698.

"In the case at bar, Sullivan alleged in its third-party complaint that Armen-Berry unqualifiedly rejected a proposed protective cover for the machine which injured plaintiff and advised Sullivan that the machinery would be situated and used so that it would be inaccessible to workers while in operation. We believe these allegations are sufficient to state a cause of action for indemnity. *I.e.,* by expressly rejecting the proposed cover and undertaking to situate the conveyor so that it would be inaccessible, Armen-Berry may have impliedly agreed to indemnify Sullivan should Sullivan be held liable for Armen-Berry's rejection of the cover or failure to use the machine as proposed.

"As the third-party complaint thus stated a cause of action for indemnity, summary judgment should not have been granted."

In dissent, Judge WALSH reasoned that there could not be any recovery on an implied contract of indemnity theory unless the party seeking indemnification was free from active negligence. In view of our conclusions here, it is unnecessary for us to choose between the majority and dissent in *Hill, supra.*

As previously indicated, the federal cases[10] interpreted *Hill* to require two prongs for an action based on an implied agreement of indemnification: a specific undertaking by the employer to perform some act or service for the manufacturer and an attempt by the employee to hold the manufacturer liable for the failure to perform the act which the employer had obligated itself to do.

In applying the *Hill* rule to the facts in the instant case, we distinguish the within case from *Hill* and hold that the trial court committed reversible error in denying Pardonnet's motion for summary judgment.

---

[10] *Bullock v Black & Decker, Inc, supra, Proctor & Schwartz, Inc v United States Equipment Co, supra.*

In the first amended third-party complaint, Badger alleges that Pardonnet rejected an available hopper and integrated other components into the auger-feed system, causing it to be unsafe, and that Pardonnet, by accepting the component parts, impliedly warranted to follow the recommendations and instructions in the manuals of Badger. Unlike the facts in *Hill,* Pardonnet did not specifically undertake to perform some act for the manufacturer. That is, Pardonnet did not promise Badger that the machinery would be inaccessible to those employees who might otherwise be injured. It is on this basis that we distinguish the within case from *Hill, supra.* We hold that the amended third-party complaint does not state an enforceable cause of action in favor of third-party plaintiff, Badger, against third-party defendant, Pardonnet.[11]

Further support for our conclusion that third-party defendant, Pardonnet, need not be included in this suit is our decision in *Caldwell v Cleveland-Cliffs Iron Co.*[12] In *Caldwell,* the employer was dismissed from the suit under the applicable provisions of the workers' compensation statute, but, nevertheless, the trial court sent the case to the jury with special instructions to allocate causal negligence between the parties in accordance with *Placek v Sterling Heights.*[13]

In spite of the fact that the *Caldwell* jury found 75% of the blame attributable to the employer and only 25% attributable to the joint venturers' negligence, the trial court determined, and we affirmed, that the joint venturers were liable for the entire jury award.

[11] GCR 1963, 117.2(1), *Escobar v Brent General Hospital,* 106 Mich App 828, 833; 308 NW2d 691 (1981).

[12] 111 Mich App 721; 315 NW2d 186 (1981).

[13] 405 Mich 638; 275 NW2d 511 (1979).

In short, the present law in Michigan is that the concept of joint and several liability has not been abrogated by adoption of comparative negligence in *Placek, supra. Caldwell, supra,* is relevant in the within case as authority for denying third-party plaintiff's claim that *Placek* requires allocation of fault.[14]

Consequently, we hold that it was error for the trial court to deny Pardonnet's motion for summary judgment on the third-party claim. Accordingly, we reverse and remand this case to the trial court for entry of a summary judgment in favor of Pardonnet, dismissing the amended third-party complaint filed by Badger.

Reversed and remanded.

M. F. CAVANAGH, P.J., concurred.

BRONSON, J. *(concurring).* I concur in the rationale and result of Judge BEASLEY'S majority opinion. I write separately only to note that in a case currently pending before this Court, I intend to deal extensively with the issue of comparative negligence among joint tortfeasors in light of *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). However, as this is an interlocutory appeal in a case scheduled for trial on March 16, 1982, I believe that it is more inportant that this opinion be quickly released, so that Pardonnet will not be obligated to defend in the action below, than it is for the bench and bar to immediately learn my theories of comparative negligence among joint tortfeasors.

---

[14] As in *Caldwell, supra,* we are concerned that in some cases negligent employers appear to escape responsibility at the expense of manufacturers whose product liability exposure is relatively less in terms of fault than that of the employer. These policy considerations await review by the Supreme Court.