Thomas Pierce TURNBULL, Representative of Underwriters at Lloyds of London, and Irwin Toys, Inc., a subsidiary of Miner Industries, Inc., a New York corporation, Plaintiffs,

v.

ANDREW CROWE & SONS, INC., a Maine corporation, Defendant.

No. K81–346 CA.

United States District Court,
W.D. Michigan, S.D.

Oct. 24, 1983.

Laurence D. Connor, Carolyn D. Bell, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiffs.

James T. Mellon, Mellon & McCarthy, Troy, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

The present action grows out of a prior lawsuit in which Sears, Roebuck and Company (Sears) and Irwin Toys, Inc. were sued as a result of injuries suffered by Lillian Irwin when the rope supporting the tire swing on which she was playing ruptured and struck her in the eye. Liability in that suit (hereafter the products liability suit) was predicated on negligence and warranty violations by Sears as seller and Irwin Toys as manufacturer of the allegedly defective swing set. The products liability suit was settled and plaintiffs brought this action for indemnity or contribution against Andrew Crowe & Sons (Crowe), the alleged supplier of the rope used in the swing set. Defendant has moved for summary judgment on plaintiffs' claims for indemnity and that motion is now before the Court.

## DISCUSSION

■ This motion is brought pursuant to Fed.R.Civ.P. 56 which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the mov-

ing party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In order to warrant the grant of summary judgment, the moving party must bear the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse,* 527 F.2d 1008, 1011 (6th Cir.1976). The opposing party need present its own factual material only if the movant has first met this burden. "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is present." Advisory Committee Note, 1963 Amendment to Rule 56(e).

■ Once the movant has succeeded in this showing, the opposing party "may not rest upon the mere allegations of denials of his pleading," but must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Evidentiary matter submitted will be taken at "face value" for the purposes of the motion. *Begnaud v. White,* 170 F.2d 323, 327 (6th Cir.1948).

■ In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425 (6th Cir.1962). Even if the basic facts are not disputed summary judgment may be inappropriate when contradictory inferences may be drawn from them. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *E.E.O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189,* 427 F.2d 1091, 1093 (6th Cir.1970).

■ Under Michigan law, a party may base a claim for indemnification on common law, an express contract and an implied contract. *Skinner v. D–M–E Corp.*, 124 Mich.App. 580, 335 N.W.2d 90 (1983). Although plaintiffs did not specify in their complaint which theory or theories they rely on in support of their indemnity claim, the Court concludes that the complaint arguably contains allegations which could support a claim based on both common-law indemnity and an implied contract of indemnity. Consequently, the Court will consider each of these theories in determining whether defendant is entitled to summary judgment.

## COMMON LAW INDEMNITY

■ Common law indemnity is based on equitable principles and permits a party not at fault, but who has been held vicariously liable for passive negligence, to recover from the one who is actively negligent. It is unavailable if plaintiffs' liability is based on their own active negligence. To determine whether active negligence is attributable to plaintiffs, the Court must look to the complaint in the products liability suit. *Hill v. Sullivan Equipment Co.*, 86 Mich. App. 693, 696, 273 N.W.2d 527, 529 (1978). The complaint in that action charged plaintiffs with negligence in count one while count two charged plaintiffs with breach of warranty based on their sale of a defectively designed and manufactured product. Although plaintiffs admit that they would not have a common-law indemnity claim if their liability in the previous suit were based on negligence, they argue that they would be entitled to indemnity if their liability was predicated on a warranty violation. The Court agrees.

■ In *Skinner v. D–M–E Corp., supra,* the Michigan Court of Appeals stated that if the seller's liability is based on breach of warranty, a theory of recovery not founded on negligence, then the seller would be entitled to common-law indemnity against the manufacturer. See also *Venters v. Michigan Gas Utilities Co.,* 493 F.Supp. 345 (W.D. Mich.1980), holding that a third-party claim for common-law indemnity could be brought where the primary complaint alleges claims based on negligence and liability without fault. Plaintiffs here have alleged that they were free from any active negligence in relation to the injuries suffered by Lillian Irwin and argue that their liability is entirely passive. Since count two of the complaint in the products liability suit contains allegations of liability based on a theory not sounding in negligence, the Court cannot conclude that plaintiffs are foreclosed by law from pursuing their claims of common-law indemnity. Nor can the Court conclude on the record of this case that defendant is otherwise entitled to summary judgment on plaintiffs' claims for common-law indemnity.

## IMPLIED CONTRACT OF INDEMNITY

■ Plaintiffs also contend that an implied contract of indemnity should be found in this case. "In order to establish an implied contract to indemnify, there must be a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification." *Palomba v. City of East Detroit,* 112 Mich.App. 209, 217, 315 N.W.2d 898, 902 (1982).

Plaintiffs allege that Crowe supplied the rope which ruptured and injured Lillian Irwin. The only relationship which has been claimed to exist between the parties is that of buyer and seller. Although this relationship may give rise to certain warranties with respect to the product sold, these warranties alone do not give rise to an implied contract of indemnification. If there is an express warranty, then the language of the warranty governs the respective obligations of the parties. Similarly, an implied warranty; without more, does not justify the Court finding that an implied contract of indemnity also exists. *See, e.g., Bullock v. Black & Decker, Inc.,* 502 F.Supp. 580 (E.D. Mich.1980).

Plaintiffs have not alleged, nor does the record disclose, any special course of conduct which may be the basis for finding an implied indemnity contract. In the cases

cited by plaintiffs, the party seeking indemnity could point to special conditions that justified implying the existence of a contract of indemnification. For instance, in *Hill v. Sullivan Equipment Co., supra,* the purchaser of machinery refused to install a safety device provided by the manufacturer. A worker was subsequently injured and sued the manufacturer. Because the purchaser had specifically refused the safety device offered, the Court concluded that the purchaser had impliedly agreed to indemnify the manufacturer for injuries resulting from the absence of the safety device. Similar facts were present in *Skinner v. D–M–E Corp., supra,* where the purchaser of machinery failed to provide protective coverings for employees in violation of the sales contract, and *Proctor & Schwartz, Inc. v. United States Equipment Co.,* 624 F.2d 771 (6th Cir.1980), where the purchaser of machinery failed to install necessary guarding as required by the specific terms of the sales contract. No such special circumstances surrounding the course of conduct between plaintiffs and defendant have been alleged in this action and the Court cannot reasonably infer from the record that such circumstances exist.

■ Plaintiffs suggest that a vendor's endorsement of Crowe's product liability insurance policy should be considered as evidence of an implied contract of indemnification. The Court does not agree. If the vendor's endorsement runs to plaintiffs, then it will be an express contract of indemnification. In Michigan, "indemnity contracts are construed strictly against the party who drafts them and the indemnitee." *Reed v. St. Clair Rubber Co.,* 118 Mich.App. 1, 8, 324 N.W.2d 512, 515 (1982). To hold that an express indemnity contract could give rise to an *implied* contract of indemnification would, in effect, nullify a large body of Michigan law.

## CONCLUSION

Considering the pleadings and facts of record in a light most favorable to plaintiffs as required in a motion for summary judgment, the Court denies defendant's motion for summary judgment on plaintiffs' claims for common-law indemnity. Because plaintiffs have failed to allege any special relationship or course of conduct between defendant and themselves, the Court will grant defendant's motion for summary judgment on plaintiffs' claims based on an implied contract of indemnity.