# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

134568

PROASSURANCE CORPORATION, a/k/a
PRONATIONAL INSURANCE CORPORATION,
f/k/a PICOM, as Subrogee and Assignee of
UNIVERSAL IMAGING, INC.,
          Plaintiff-Appellant,

v

SC: 134568
COA: 272963
Oakland CC: 2006-073299-CZ

DR. PETER NEFCY, M.D.,
          Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the April 26, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals that the plaintiff failed to prove it was free from active negligence and that, for this reason, it may not seek indemnification from the defendant. Courts primarily look to the plaintiff's complaint in the underlying lawsuit to determine whether a prospective indemnitee was actively negligent. *Hill v Sullivan Equipment Co*, 86 Mich App 693, 696-697 (1978). The Court of Appeals erred in concluding that the underlying complaint alleged both active and passive negligence against the defendant. At all stages of the underlying litigation, the plaintiff alleged that the defendant was vicariously liable for the acts of its agent, not its own active negligence. We REMAND this case to the Court of Appeals to consider the trial court's other grounds for denying summary disposition to the plaintiff and granting summary disposition to the defendant.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2007

Clerk

t1017