PALOMBA v CITY OF EAST DETROIT

Docket Nos. 53121, 54445, 54478. Submitted October 6, 1981, at
    Detroit.—Decided January 5, 1982. Leave to appeal applied for.

Ward and Van Nuck Asphalt entered into a contract with the
    City of East Detroit to widen one of the city's streets. Ward
    subcontracted a portion of the work to Rose Construction
    Company. While working on the job, Dominic Palomba, an
    employee of Rose, was struck by a van driven by Paul Diegel.
    Dominic Palomba and Livia Palomba filed a complaint in
    Wayne Circuit Court against the city and Paul Diegel, alleging
    that the city was negligent in the maintenance of its highways
    and that the activity was ultrahazardous and constituted an
    intentional nuisance. Venue was changed to Macomb Circuit
    Court. The city moved for accelerated judgment based on
    governmental immunity and the running of the two-year stat-
    ute of limitations period. Plaintiffs argued that the two-year
    period was inapplicable because the allegation of nuisance
    triggered a three-year limitations period. The city's motion was
    granted, the court ruling that the two-year period of limitations
    was applicable and barred plaintiffs' claims, James C. Daner, J.
    Plaintiffs filed an amended complaint adding Ward as a defen-
    dant and alleging negligence on Ward's part. Ward filed a
    third-party complaint for indemnification against Rose. Rose
    moved for summary judgment against Ward, claiming that

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 103 et seq., 390,
    431-433.
   40 Am Jur 2d, Highways, Streets, and Bridges §§ 605-607.
[2] 40 Am Jur 2d, Highways, Streets, and Bridges § 581.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 293 et
    seq.
   58 Am Jur 2d, Nuisances § 55.
[4, 5] 58 Am Jur 2d, Nuisances §§ 131, 132, 167.
[6] 61A Am Jur 2d, Pleading §§ 231, 232.
[7] 41 Am Jur 2d, Indemnity §§ 9, 15-18.
[8] 41 Am Jur 2d, Indemnity § 15.
   57 Am Jur 2d, Negligence § 21.
[9] 41 Am Jur 2d, Indemnity §§ 19, 22.

Ward was not entitled to indemnification since it was not specified in their subcontract, that there was no special relationship between Ward and Rose, and that Ward failed to allege that it was free from active negligence. The court denied Rose's motion as to the common-law theory of indemnity because of the abundance of factual issues in the case but granted the motion for summary judgment on the claim for contractual indemnity, James C. Daner, J. Plaintiffs Palomba, defendant Ward and third-party defendant Rose each appeal separately from the adverse rulings of the trial court. The appeals have been consolidated. *Held:*

1. The trial court erred in applying the two-year statute of limitations to plaintiffs' claim. The statutory period of three years applies to a properly pleaded nuisance claim.

2. The trial court erred in denying defendant Rose's motion for summary judgment with regard to the claim for common-law indemnity.

3. The trial court properly dismissed defendant Ward's claim for contractual indemnification.

4. The trial court did not err in granting Rose's motion for summary judgment against Ward's claim of implied contractual indemnification.

Affirmed in part, reversed in part, and remanded for trial.

1. HIGHWAYS — NEGLIGENCE — GOVERNMENTAL LIABILITY.

Claims against a governmental agency arising out of the negligent maintenance of highways are expressly authorized by statute (MCL 691.1402; MSA 3.996[102]).

2. LIMITATION OF ACTIONS — HIGHWAYS — NEGLIGENCE — GOVERNMENTAL LIABILITY.

The statutory period of limitations for a claim against a governmental agency arising out of the negligent maintenance of highways is two years (MCL 691.1411; MSA 3.996[111]).

3. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL LIABILITY.

There is no governmental immunity from liability for injuries resulting from a nuisance intentionally created or maintained.

4. LIMITATION OF ACTIONS — INTENTIONAL NUISANCE.

The statutory period of limitations for claims based upon intentional nuisance is three years (MCL 600.5805[8]; MSA 27A.5805[8]).

5. LIMITATION OF ACTIONS — INTENTIONAL NUISANCE — GOVERNMEN-
   TAL LIABILITY.

   The statute of limitations period governing claims based upon
   intentional nuisance should be utilized where conduct is alleged
   to be intentional and it fits within the judicially created inten-
   tional nuisance exception to governmental immunity (MCL
   600.5805[8]; MSA 27A.5805[8]).

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
   CLAIM — COURT RULES.

   A motion for summary judgment on the ground that a party
   failed to state a claim upon which relief can be granted
   challenges the legal sufficiency of the pleadings alone and is to
   be tested by whether the claims are so clearly unenforceable as
   a matter of law that no factual development can possibly
   justify a right to recovery (GCR 1963, 117.2[1]).

7. INDEMNITY — COMMON LAW — ACTIVE NEGLIGENCE — DERIVATIVE
   LIABILITY.

   Common-law indemnity is available only if the party seeking it is
   not actively negligent; the court looks at the primary plaintiff's
   complaint in determining this; if that complaint alleges only
   active negligence as opposed to derivative liability, the indem-
   nity claimant is not entitled to common-law indemnity.

8. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

   A contract which purportedly indemnifies one against the conse-
   quences of his own negligence is subject to strict construction
   and will not be so construed unless it clearly appears that
   indemnification for the indemnitee's own negligence was in-
   tended.

9. INDEMNITY — IMPLIED CONTRACT TO INDEMNIFY.

   There must be a special relationship between the parties or a
   course of conduct whereby one party undertakes to perform a
   certain service and impliedly assures indemnification in order
   to establish an implied contract to indemnify.

*Charfoos, Christensen, Gilbert & Archer, P.C.
(by John G. Konkel), for plaintiffs.*

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen, P.C. (by John A. DeMoss and Christine
D. Oldani), for City of East Detroit.*

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *George F. Clark* and *Michael L. Updike*), for Ward and Van Nuck Asphalt.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Bruce E. Bigler*), for Rose Construction Company.

Before: DANHOF, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Plaintiffs appeal from an accelerated judgment entered in favor of defendant City of East Detroit. Defendant Ward and Van Nuck Asphalt (hereinafter Ward) and third-party defendant, Rose Construction Company (hereinafter Rose) appeal from the circuit court's partial grant and partial denial of Rose's motion for summary judgment.

In 1975, defendant and third-party plaintiff, Ward, entered into a contract with defendant City of East Detroit to widen one of the city's major streets. Ward subcontracted a portion of the work to third-party defendant, Rose. While working on the construction project on July 14, 1975, plaintiff Dominic Palomba, one of Rose's employees, was struck by a van driven by Paul Diegel.

Plaintiffs filed an action in Wayne County Circuit Court on May 22, 1978. Venue was changed to Macomb County Circuit Court in July, 1978. The complaint alleged that the City of East Detroit was negligent in the maintenance of its highways. Specifically, plaintiffs claimed that the city was negligent in failing to: (1) take proper precautions for the safety and protection of the construction workers, (2) supervise the construction project properly, and (3) provide proper warnings and other traffic control signals. Additionally, plaintiffs

alleged that the activity was ultrahazardous and that it constituted an intentional nuisance.

In August, 1978, defendant city moved for accelerated judgment, GCR 1963, 116, based on governmental immunity and the running of the two-year statute of limitations period as set forth in MCL 691.1411(2); MSA 3.996(111)(2). In response, plaintiffs argued that the two-year statutory period was inapplicable because the allegation of nuisance triggered a three-year statute of limitations.

In granting defendant city's motion, the circuit court ruled that the claims grounded in negligence were barred by the running of the two-year statutory period. The court also stated that the allegations of intentional nuisance, while sufficient to withstand a summary challenge on the basis of governmental immunity, were nevertheless subject to the two-year statute of limitations since the suit involved the maintenance of a highway.

Plaintiffs also filed an amended complaint in which Ward was added as a defendant. The complaint alleged that Ward, the general contractor, was negligent in failing to: (1) supervise the workers properly, (2) take proper safety and warning measures for motorists, (3) insure that the work was being performed safely and properly, and (4) inspect the premises for the installation of proper safety devices.

In March, 1979, defendant Ward filed a third-party complaint for indemnification against Rose. The complaint alleged that: (1) the construction site was totally within the control of Rose so that any liability imposed on Ward was the result of Rose's negligent conduct and (2) Rose was required to indemnify Ward because their contract incorporated the indemnification provision of the contract between Ward and the City of East Detroit or, in

the alternative, because there was an implied contractual obligation to indemnify.

In October, 1979, third-party defendant, Rose, moved for summary judgment against Ward. Rose claimed that Ward was not entitled to indemnification since it was not specified in their subcontract, because there was no special relationship between Ward and Rose, and because Ward failed to allege that it was free from active negligence. The court denied the motion as to the common-law theory of indemnity because "factual issues abound in this case". However, the court granted the summary judgment on the claim for contractual indemnity since neither the contractual language nor the surrounding circumstances clearly indicated any intention to create an indemnification agreement. On rehearing, the court affirmed its prior decision.

We first address the issue raised in plaintiffs' appeal. Plaintiffs argue that the circuit court erred in applying the two-year statute of limitations under MCL 691.1411(2); MSA 3.996(111)(2) since the statutory period of three years applies to a properly pleaded nuisance claim. We agree.

There are two exceptions to the governmental immunity statute involved in our consideration here. First, the Legislature has expressly authorized claims against a governmental agency arising out of the negligent maintenance of highways. MCL 691.1402; MSA 3.996(102). The period of limitations for such claims is two years. MCL 691.1411; MSA 3.996(111). Second, the courts have ruled that the government has no immunity from liability for injuries resulting from a nuisance intentionally created or maintained. See *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978). The period of limitations for claims based upon intentional nuisance is three years. MCL 600.5805(8);

MSA 27A.5805(8). These two exceptions to governmental immunity are distinct and independent. One involves liability for negligent conduct; the other for intentional conduct. If the conduct which creates the nuisance is intentional, it is irrelevant that the conduct also involves the maintenance of a highway. The claimant need not rely upon the legislatively created highway exception to the immunity statute but may, rather, rely on the judicially created nuisance exception. The governmental agency which intentionally creates the nuisance should not be given the advantage of a shorter limitation period merely because there is an alternative theory under which it would lose its immunity. Where conduct is alleged to be intentional, and it fits within the judicially created intentional nuisance exception to governmental immunity, the limitation period governing claims based upon intentional nuisance should be utilized. We conclude that the circuit court erred in applying the two-year statutory period to the nuisance claim. See *Zimmer v State Highway Dep't,* 60 Mich App 769, 772; 231 NW2d 519 (1975).

We next address the issue raised in Rose's appeal. Rose contends that the circuit court erred in denying its motion for summary judgment on Ward's claim for common-law indemnification. A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of the complaint and is to be considered by an examination of the pleadings alone. The standard is whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68, 71; 300 NW2d 737 (1980).

Common-law indemnification is available only if

the party seeking it is not actively negligent. In determining the type of negligence attributable to a party, a court must examine the allegations contained in the primary plaintiff's complaint. *Hill v Sullivan Equipment Co,* 86 Mich App 693, 696-697; 273 NW2d 527 (1978).

In this case, plaintiffs alleged that defendant Ward had negligently breached its duties to provide a safe location for the construction work and to ensure that the work was being performed in a safe and careful manner. The complaint enumerated several specific examples of Ward's violation of these duties. Since the primary plaintiffs' complaint alleges only active negligence, defendant Ward was not entitled to common-law indemnification. The circuit court erred when it denied the motion for summary judgment with regard to the claim for common-law indemnity.

Finally, we consider the issue raised in defendant Ward's appeal. Ward contends that the court improperly granted Rose's motion for summary judgment on Ward's claim for contractual indemnification. We are not so persuaded.

The contract between Ward and Rose does not expressly mention indemnification. In support of its contractual indemnity claim, defendant Ward relies on the indemnification clause contained in its contract with the City of East Detroit and the notation in the subcontract with Rose that Rose was obligated to perform all work "in strict accordance with the contract between the City of East Detroit and the principal contractor, the work described herein". This provision of the subcontract provides only that all of the work is to be completed in accordance with the work specifications contained in the other agreement. It does not state in clear and unequivocal terms any intent on

the part of Rose to indemnify Ward for the latter's own negligence. A contract which purportedly indemnifies one against the consequences of his own negligence is subject to strict construction and will not be so construed unless it clearly appears that indemnification for the indemnitee's own negligence was intended. *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335; 274 NW2d 58 (1978). The trial court properly dismissed Ward's claim for contractual indemnification.

Defendant Ward also asserts that the third-party complaint states a valid claim of implied contractual indemnification. Again, we disagree.

In order to establish an implied contract to indemnify, there must be a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification. *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). In support of its argument, defendant Ward relies on *Hill v Sullivan Equipment Co, supra.* In that case, however, the defendant alleged that the third-party defendant employer rejected the protective device which the defendant had designed for the machine which subsequently injured the plaintiff and assured the defendant that the machine would be situated so that it would be inaccessible to workers while in operation. The court found these allegations sufficient to state a cause of action based on an implied contract of indemnification.

In this case there are no allegations whatsoever of any special relationship or course of conduct between Ward and Rose. The third-party complaint is devoid of any allegation from which it could be inferred that Rose impliedly agreed to indemnify Ward for its own negligence. Ward's

reliance on *Hill* is misplaced. We conclude, therefore, that the circuit court did not err in granting Rose's motion for summary judgment on this theory of liability.

Affirmed in part, reversed in part, and remanded for trial. No costs.