KIRIN v RIISE ENGINEERING COMPANY, INC

Docket No. 82873. Submitted November 7, 1985, at Detroit.—Decided
  January 7, 1986. Leave to appeal applied for.

Virgil Kirin was killed when he fell off a platform while working
  at a plant owned and operated by Jones & Laughlin Steel, Inc.,
  and Jones & Laughlin Steel Corporation. The platform had
  been manufactured by Riise Engineering Company, Inc., ac-
  cording to specifications supplied by Jones & Laughlin, and had
  been modified subsequently by Jones & Laughlin. Laura Kirin,
  administratrix of the estate of Virgil Kirin, deceased, filed a
  products liability action against Riise and others in Macomb
  Circuit Court alleging breach of implied warranties. Kirin's
  claim against Riise was settled for $300,000, and Riise filed a
  third-party complaint against Jones & Laughlin seeking to
  recover the amount of the settlement on the theory of implied
  contractual indemnity. Jones & Laughlin filed a motion for
  summary judgment on the ground that Riise failed to state a
  claim upon which relief could be granted. The court, James C.
  Daner, J., granted the motion for summary judgment, finding
  that the primary plaintiff's complaint alleged breach of war-
  ranty against Riise, that alleging breach of warranty is in effect
  the same as alleging fault, and that where the primary plain-
  tiff's complaint sounds in negligence or fault of the defendant,
  the defendant is barred from seeking indemnity. Riise ap-
  pealed. *Held:*

In an action against a manufacturer of a product based on an
  alleged defect in the design of the product, the theories of
  breach of implied warranty and negligence involve identical
  evidence and require proof of the same elements. Therefore, in
  basing its claim against Riise on breach of implied warranties,
  the primary plaintiff did in fact allege that Riise was guilty of
  active negligence. However, in a case, such as this, where the
  allegations of the third-party complaint, if proven, would estab-

REFERENCES

Am Jur 2d, Indemnity §§ 19-27, 32.
Am Jur 2d, Products Liability § 526.
See the annotations in the ALR3d/4th Quick Index under Indem-
  nity; Products Liability; Restitution and Implied Contracts.

lish that the sole cause of the primary plaintiff's injury was the third-party defendant's negligence, the third-party plaintiff should be given an opportunity to prove that it was in fact completely free of any active fault in bringing about the injury. If Riise can prove that it is free from active fault, it cannot on that basis be denied recovery on its implied contractual indemnity claim.

Reversed and remanded for trial.

1. INDEMNITY — IMPLIED CONTRACT — ACTIVE NEGLIGENCE.

A party claiming a right to indemnification on the basis of an implied contract of indemnification must plead and be able to prove freedom from active fault.

2. INDEMNITY — IMPLIED CONTRACT.

An implied contract to indemnify arises only if there is a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification.

3. PRODUCTS LIABILITY — NEGLIGENCE — BREACH OF WARRANTY — EVIDENCE.

The theories of breach of implied warranty and negligence involve indentical evidence and require proof of the same elements in an action against a manufacturer of a product based on an alleged defect in the design of the product; therefore, by basing a claim against the manufacturer on breach of implied warranties, the plaintiff in fact alleges that the manufacturer was guilty of active negligence.

4. TRIAL — INDEMNITY — THIRD-PARTY COMPLAINTS — IMPLIED INDEMNITY CONTRACTS.

A trial court must look to the third-party complaint as well as to the original complaint in order to determine whether a third-party plaintiff has stated a cause of action for indemnity based on an implied indemnity contract; where the allegations in the third-party complaint, if proven, would establish that the sole cause of the primary plaintiff's injury was the third-party defendant's negligence, the third-party plaintiff should be given an opportunity to prove that it was in fact completely free of any active fault in bringing about the injury.

*Kerr, Russell & Weber* (by *James R. Case* and *Louis G. Corey),* for third-party plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

*Pedersen, P.C.* (by *Dwight G. Conger* and *Ernest R. Bazzana),* for third-party defendants.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

PER CURIAM. Defendant and third-party plaintiff Riise Engineering Company (hereinafter Riise) appeals as of right from the circuit court order granting summary judgment in favor of third-party defendants Jones & Laughlin Steel, Inc., and Jones & Laughlin Steel Corporation (hereinafter J & L).

This case originated as a products liability action brought on behalf of the estate of Virgil Kirin, who was killed on April 23, 1978, after falling off an argon-oxygen decarbonization (AOD) platform manufactured by Riise. The fall occurred while Kirin was performing duties within the course of his employment with J & L.

In its third-party complaint, Riise alleged that blueprints for the platform were supplied by J & L. According to Riise, J & L informed Riise that AOD operations would be fully automated and that no workers would be required or allowed on the platform during operations. Accordingly, Riise did not put safety railings around the perimeter of the platform. In its contract with Riise, J & L agreed that it would be responsible for all safety devices for the AOD platform which were not incorporated in the Riise proposals. Riise expressly limited its warranty to the design of the platform, which was valid only if the platform was not modified or misused.

After J & L approved the drawings and proposals, Riise constructed the platform and shipped it to J & L's plant, where it was erected and placed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

into operation. According to Riise, approximately six months later J & L modified the design and construction of the platform without the knowledge or approval of Riise. A work area and stairway were added to the west of the platform, providing human access. The engineering firm that provided the drawings and design specifications for these additions included in the design a guard railing which would be placed around the entire perimeter of the platform. Despite this recommendation, J & L did not place a railing around approximately six feet of the platform's north side.

On April 26, 1978, the J & L plant was extremely smoky and dusty due to plant activities. Although operations should have ceased under such conditions, J & L supervisory personnel did not stop AOD work operations. Virgil Kirin was on top of the AOD platform attempting to assist the craneman in maneuvering a materials box into its proper position. While doing so, the crane malfunctioned, allegedly due to improper maintenance, and the craneman pulled the box off the platform. At the same time, Kirin's work glove became caught in the crane's hook and he was dragged off the north side of the platform, through the unguarded portion, to his death.

Laura Kirin, acting as the administratrix of the decedent's estate, filed suit against Riise, among others, claiming breach of implied warranties. This claim was settled for $300,000, and an order of judgment in favor of the estate was entered January 20, 1984. Riise filed a third-party complaint against J & L seeking to recover the amount of the settlement on the theory of implied contractual indemnity. The complaint was dismissed pursuant to the trial court's order of January 16, 1985, which granted J & L's motion for summary judgment. GCR 1963, 117.2(1). In an opinion dated

January 8, 1985, the court held that Riise could not recover on a claim of implied contractual indemnity due to its inability to prove freedom from active fault. Riise appeals as of right.

The theory under which Riise seeks to recover was most recently outlined by this Court in *Clark Equipment Co v Jones & Lamson,* 144 Mich App 91, 97; 373 NW2d 249 (1985).

"The basis for indemnification rests upon the equitable principle of a right to restitution. *Dale v Whiteman,* 388 Mich 698, 704; 202 NW2d 797 (1972). In Michigan, a right to indemnity may arise from three sources: the common law, an implied contract, and an express contract. *Skinner v D-M-E Corp,* 124 Mich App 580, 584; 335 NW2d 90 (1983). Except where the right is based upon an express contract, a right to indemnity may be enforced only where liability arises vicariously or by operation of law from the wrongful acts of the party from whom indemnity is sought. *Skinner v D-M-E, supra; Dale v Whiteman, supra.* In other words, a right to indemnification based upon common law or implied contract is only available to a party who can plead and prove freedom from active fault. *Skinner v D-M-E, supra.* Furthermore, an implied contract to indemnify arises only if there is 'a special relationship between the parties or a course of conduct whereby one party undertakes to perform a certain service and impliedly assures indemnification.' *Palomba v East Detroit,* 112 Mich App 209, 217; 315 NW2d 898 (1982)."

On appeal, Riise argues that the trial court erred in concluding that it could not prove freedom from active fault. Riise points out that the original plaintiff's complaint alleged only breach of implied warranties, rather than "active" negligence. This argument was rejected in *Clark Equipment, supra,* where it was noted that the Supreme Court in *Prentis v Yale Manufacturing Co,* 421 Mich 670; 365 NW2d 176 (1984), held that "in an

action against a manufacturer of a product based on an alleged defect in the design of the product, the theories of breach of implied warranty and negligence involve indentical evidence and require proof of the same elements". *Clark Equipment, supra,* p 101. Therefore, in basing its claim against Riise on breach of implied warranties, the original plaintiff did in fact allege that Riise was guilty of active negligence.

The inquiry does not end here, however, because the allegations contained in Riise's third-party complaint require that we address a controversy which surrounds the case of *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978). In *Hill,* the original plaintiff brought suit against the designer and manufacturer of a screw conveyor for injuries sustained when his arm became caught in the conveyor. The manufacturer filed a third-party complaint against the original plaintiff's employer, alleging that the conveyor was originally designed with a protective cover, but that the employer explicitly rejected the design and insisted on installation of the machine without the cover. As in the case now before us, the third-party complaint alleged that the conveyor was to be inaccessible to workers while the machine was in operation. On these facts, the *Hill* majority found that the third-party plaintiff should have been permitted to proceed to trial on its implied contractual indemnity claim.

In subsequent cases, panels of this Court have construed *Hill* as standing for the proposition that freedom from active fault is not a precondition to an implied contractual indemnity claim, and on that basis have declined to follow the opinion. See *Skinner v D-M-E Corp,* 124 Mich App 580, 585; 335 NW2d 90 (1983); *Johnson v Bundy,* 129 Mich App 393, 399, fn 5; 342 NW2d 567 (1983); *Feaster v*

*Hous,* 137 Mich App 783, 791; 359 NW2d 219 (1984). However, as noted in *Reed v St Clair Rubber Co,* 118 Mich App 1, 10; 324 NW2d 512 (1982), and *Clark Equipment Co v Jones & lamson, supra,* p 99, *Hill* was unique in that the allegations of the third-party complaint, if proven, would establish that the sole cause of plaintiff's injury was the third-party defendant's negligence. Thus, in permitting the case to go to trial, the *Hill* majority did not conclude that freedom from active fault was not a precondition to recovery under an implied contractual indemnity theory. Rather, the majority held only that the third-party plaintiff should be given an opportunity to prove that it was in fact completely free of any active fault in bringing about the injury.

We believe that the third-party plaintiff in the case before us should be given the same opportunity. Taking the allegations contained in Riise's complaint as true, as we must when reviewing an appeal from an order granting summary judgment under GCR 1963, 117.2(1), *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), it would appear that Riise was completely without fault in connection with the death of Virgil Kirin. As in *Hill,* the employer ordered the construction of a product which was to be inaccessible to workers and specifically approved a design which did not include guardrails. Any fault on the part of Riise was even further removed by J & L's modification of the platform to provide for human access, and then its rejection of a recommendation to completely enclose the platform's perimeter with guardrails. If Riise can successfully establish these facts at trial, the only conclusion which can reasonably follow is that Riise was free fo active fault and cannot on that basis be denied recovery on its implied contractual indemnity claim.

Reversed and remanded for trial.