WILLIAMS v LITTON SYSTEMS, INCORPORATED

Docket No. 81951. Argued November 2, 1988 (Calendar No. 8).
    Decided December 28, 1989.

Sandra E. Williams, as administratrix of the estate of Robert N.
    Williams, deceased, brought an action in the Wayne Circuit
    Court against Litton Systems, Inc., for the death of the dece-
    dent which was caused by a malfunctioning robotic machine
    manufactured and designed by Litton for the Ford Motor
    Company. After the jury awarded damages to the plaintiff,
    Litton sought recovery from Ford on a theory of implied
    contractual indemnity. It asserted that Ford had breached an
    agreement with Litton that its employees, including Williams,
    would be well trained in the use of the automated system and
    that employees would not be permitted in the area where the
    accident occurred unless a lock-out system was engaged, and
    that the breach gave rise to an implied contract to indemnify
    Litton. The court, William J. Giovan, J., denied Ford's motion
    for summary disposition. The Court of Appeals, SULLIVAN, P.J.,
    and MACKENZIE and R. M. DANIELS, JJ., reversed, finding that
    Litton could not maintain an action either for common-law or
    implied contractual indemnity to recover amounts paid in
    settlement or in payment of a claim asserting only active fault
    (Docket No. 87885). Litton appeals.

In an opinion by Justice LEVIN, joined by Justices BRICKLEY
    and GRIFFIN, with Justices CAVANAGH, BOYLE, and ARCHER
    concurring in the result only, the Supreme Court *held:*

Litton Systems, Inc., may not recover damages paid in settle-
    ment of claims asserted by the plaintiff on a theory of implied
    contractual indemnity.

Justice LEVIN, joined by Justices BRICKLEY and GRIFFIN,
    would hold that Litton may not maintain an action either for
    common-law or implied contractual indemnity to recover
    amounts paid in settlement or payment of a claim asserting
    only active fault against Litton.

1. An action for indemnity can only be maintained on the
    basis of express contract or by a person free of negligence or
    fault. Freedom from active fault is not a prerequisite to main-
    taining an action for express contractual indemnity. Where
    there is an express contract of indemnity, a defendant who is

found to be at fault may nevertheless maintain an action for express contractual indemnity against a third party, including an employer of an injured worker-plaintiff. Actions for both express and implied contractual indemnity are based not on the common-law rule that a person held vicariously liable for the acts of another is entitled to indemnity, but rather on the express or implied contractual undertaking of the indemnitor. The liability is not based on the third-party defendant's breach of a duty to the plaintiff, for which breach the third-party plaintiff is held responsible by operation of law as in common-law indemnity, but rather on the breach of the undertaking to the third-party plaintiff. Contractual indemnity, whether express or implied, subjects a defendant who is an employer of an injured worker to liability for damages resulting from injury in the workplace that otherwise has been abrogated by the exclusive remedy provision of the workers' compensation act. Where parties chargeable with knowledge of the exclusive remedy provision enter into a written contract, there is no reason to infer a contractual term of indemnification not there expressed.

2. In this case, Litton cannot obtain contribution from Ford because the exclusive remedy provision of the workers' compensation act has been held to relieve the injured worker's employer from liability to make contribution. Until the law is changed by the Legislature, persons in the position of Litton may seek indemnification from an injured worker's employer only on the basis of express contractual indemnity or where held vicariously liable.

Chief Justice RILEY, concurring, stated that in order to ascertain whether the party seeking implied contractual indemnity has pled freedom from active negligence a court should look to both the primary complaint and the third-party complaint to determine if there has been a specific undertaking by the employer to perform some act or service for the manufacturer and an attempt by the employee to hold the manufacturer liable for the failure to perform the act which the employer has obligated itself to do. In this case, the employer did not undertake to perform some act or service for the manufacturer regarding the storage retrieval system, consequently, the allegations made in the primary compliant did not involve any act that the employer had obligated itself to perform. Thus, the manufacturer has not pled its freedom from active negligence and may not maintain an indemnity action against the employer. It is correct to say that Litton cannot obtain contribution from the employer because the exclusive remedy provision of the workers' compensation act has been held to relieve the

injured worker's employer from liability to make contribution. If a third party could prove it was free from active negligence and the employer did not perform an assumed obligation to the third-party plaintiff, the employer could be held liable for indemnity notwithstanding the workers' compensation statute.

Affirmed.

164 Mich App 195; 416 NW2d 704 (1987) affirmed.

*Barbier, Petersmarck, Tolleson, Mead, Paige & Carlin, P.C.* (by *George E. Petersmarck, Jr.,* and *Vincent J. Brennan*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Richard A. Kitch, Mark D. Willmarth,* and *Susan Healy Zitterman*); Ford Motor Company (by *John M. Thomas*), of counsel, for the defendants.

LEVIN, J. The principal question presented is whether Litton Systems, Inc., may recover on a theory of implied contractual indemnity from Ford Motor Company for damages it paid in settlement of claims asserted in an action commenced by Sandra E. Williams as administratrix of her husband's estate. We hold it may not, and affirm the decision of the Court of Appeals.

I

Robert N. Williams, a Ford employee, was killed when he was struck by a malfunctioning robotic machine that was part of a system designed and manufactured by Litton for Ford. Williams' administratrix commenced an action against Litton, and a jury awarded $10 million. Litton settled for less, and now seeks to recover against Ford on a theory of implied contractual indemnity. Litton asserts that Ford breached its agreement with Litton that its employees, including Williams, would be well trained to use the automated system and would not be allowed inside the storage area unless the

lock-out system was on, and that the breach gave rise to an implied contract to indemnify Litton.

The circuit court denied Ford's motion for summary disposition. The Court of Appeals denied interlocutory leave to appeal. This Court remanded the case to the Court of Appeals as on leave granted. The Court of Appeals reversed and remanded.[1]

We agree with the Court of Appeals that Litton may not maintain an action for either common-law or implied contractual indemnity to recover amounts paid in settlement or payment of a claim asserting only active fault against Litton, and affirm its decision.

II

Litton argues that decisions of the Court of Appeals[2] recognize a cause of action for implied contractual indemnity and that these decisions correctly held that freedom from active negligence is not a prerequisite to maintaining the action.

Freedom from active fault is not a prerequisite to maintaining an action for express contractual indemnity. Where there is an express contract of indemnity, a defendant who is found to be at fault may nevertheless maintain an action for express contractual indemnity against a third party, including an employer of an injured worker-plaintiff.

Courts recognize implied contracts where parties assume obligations by their conduct.[3] Litton argues

1 *Williams v Litton Systems, Inc*, 164 Mich App 195; 416 NW2d 704 (1987).

2 *Hill v Sullivan Equipment Co*, 86 Mich App 693; 273 NW2d 527 (1978), *Pontious v E W Bliss Co*, 102 Mich App 718; 302 NW2d 293 (1981), and *Kirin v Riise Engineering Co*, 148 Mich App 278; 384 NW2d 149 (1986).

3 See *Nash v Sears, Roebuck & Co*, 383 Mich 136, 142; 174 NW2d 818 (1970).

that Ford's promises to properly train its employees and assure that no employee entered the dangerous area created an implied contract to indemnify Litton for damages resulting from its breach of those undertakings. The question is then asked, if freedom from fault is not a necessary element of an action for express contractual indemnity, why is freedom from fault necessary to maintain an action based on implied contractual indemnity? In both cases, the action is based not on the common-law rule that a person held vicariously liable for the acts of another is entitled to indemnity, but rather on the express or implied contractual undertaking of the indemnitor. The liability is not based on the third-party defendant's breach of a duty to the plaintiff, for which breach the third-party plaintiff is held responsible by operation of law as in common-law indemnity, but rather on the breach of the undertaking to the third-party plaintiff.

Contractual indemnity, whether express or implied, subjects a defendant who is an employer of an injured worker to liability for damages resulting from injury in the workplace that otherwise has been abrogated by the exclusive remedy provision of the workers' compensation act.[4] It is one thing to enforce an employer's express agreement to indemnify where the employer has clearly and unambiguously assumed that liability. It is quite another to impose liability on an employer who, while he promised to take certain actions, did not expressly agree that the consequence of the failure to do so would be the assumption of liability for damages suffered by an injured worker, although liability therefor has been abrogated by statute.

We agree with the Supreme Court of Alaska

---

[4] See MCL 418.131; MSA 17.237(131).

that where parties chargeable with knowledge of the exclusive remedy provision enter into a written contract, there is no reason to infer a contractual term of indemnification not there expressed. *Golden Valley Electric Ass'n, Inc v City Electric Serv, Inc*, 518 P2d 65, 69 (Alas, 1974).

This Court has ruled that an action for indemnity can only be maintained on the basis of express contract or by a person free of negligence or fault.[5]

Williams' theory was that Litton was actively negligent or at fault. There was no allegation of vicarious or passive fault. Litton would not have been subjected to the liability for which it seeks indemnification from Ford of an amount paid in settlement[6] of a judgment unless Williams had claimed that Litton was negligent or at fault.

Litton cannot obtain contribution from Ford because the exclusive remedy provision of the workers' compensation act[7] has been held to relieve the injured worker's employer from liability to make contribution.[8]

---

[5] *Downie v Kent Products, Inc*, 420 Mich 197, 220; 362 NW2d 605 (1984); *Langley v Harris Corp*, 413 Mich 592, 597-598; 321 NW2d 662 (1982); *Dale v Whiteman*, 388 Mich 698, 705; 202 NW2d 797 (1972); *Husted v Consumers Power Co*, 376 Mich 41, 56; 135 NW2d 370 (1965).

Litton's reliance on *Ryan Stevedoring Co v Pan-Atlantic SS Corp*, 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956), and *Italia Societa v Oregon Stevedoring Co*, 376 US 315; 84 S Ct 748; 11 L Ed 2d 732 (1964), ignores this Court's statement in *Langley v Harris Corp, supra*, pp 599-600, n 4, that "[t]his Court has consistently held that the active negligence of a party will preclude the recovery of indemnity. In cases where negligence is alleged, we reject the notion that the *Italia* comparative test is an appropriate consideration."

[6] It is of no importance whether Litton paid Williams pursuant to a judgment entered on a jury's verdict or pursuant to a consent judgment or settlement. It would not have been subjected to any liability but for Williams' theory that Litton was actively negligent or at fault, and Williams did not allege vicarious or passive fault.

[7] See n 4.

[8] *Husted v Consumers Power Co*, n 5 *supra*, p 56.

Litton contends that the law should be changed to permit it to maintain an action for indemnification against Ford although Ford had not expressly contracted to indemnify Litton and it did not seek to hold Litton liable on a theory of vicarious liability. Litton also asks that a doctrine of comparative indemnity be adopted.

We reiterate the statement in *Downie v Kent Products, Inc,* 420 Mich 197, 213; 362 NW2d 605 (1984), that any change in the law "must await legislative action."[9] Until the law is changed by the Legislature, persons in the position of Litton may seek indemnification from an injured worker's employer only on the basis of express contractual indemnity or where held vicariously liable.[10]

Affirmed.

BRICKLEY and GRIFFIN, JJ., concurred with LEVIN, J.

CAVANAGH, BOYLE, and ARCHER, JJ., concurred in the result only.

RILEY, C.J. *(concurring).* I write separately because, while I am in accord with the result reached by the majority, I do not believe that it adequately addresses the certified conflict that it is meant to resolve.[1]

---

[9] See also *id.,* p 218.

[10] A different question might be presented if the injured worker seeks to recover against the third-party plaintiff both on the theory that it was actively negligent and also on the theory that it was vicariously liable for a breach of implied warranty by the third-party defendant against whom indemnification is sought. In such a case, the third-party plaintiff might be entitled to have the jury apportion the damages so that third-party plaintiff could obtain indemnification for the portion assessed against the third-party plaintiff on the basis of vicarious liability.

[1] The Court of Appeals certified its decision in this matter as being in conflict with its decisions in *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978), and *Kirin v Riise Engineering Co,* 148 Mich App 278; 384 NW2d 149 (1986).

My concern is that it is difficult to extract a workable rule from the opinion. I gather that the rule is that if the primary complaint alleges active negligence, then the third-party plaintiff is precluded from indemnity because it (third-party plaintiff) is not free from active negligence. I disagree with this rule—if, in fact, this is what the opinion means to say.

The workers' compensation statute prevents an injured worker from suing his employer for a work-related injury. Thus, the injured employee must allege active negligence against a machine manufacturer, in a products liability action, in order to avoid being summarily dismissed. The logical conclusion is that the primary complaint will always plead active negligence—a breach of a direct duty owed to another which is the proximate cause of a plaintiff's injury. For this reason, I find it inequitable to preclude a third-party plaintiff from an indemnity action only upon the basis of the primary complaint. I believe the rule should allow a review of the third-party complaint, as well as the primary complaint. This allows the third-party plaintiff the chance to prove its freedom from active fault, a prerequisite to an indemnity action.

I would adopt a rule similar to the approach taken in *Cutter v Massey-Ferguson, Inc*, 114 Mich App 28, 35; 318 NW2d 554 (1982). In order to ascertain whether the party seeking implied contractual indemnity has pled freedom from active negligence, the court should look to both the primary and third-party complaint to determine if there has been: (1) a specific undertaking by the employer to perform some act or service for the manufacturer, and (2) an attempt by the employee to hold the manufacturer liable for the failure to

perform the act which the employer had obligated itself to do.

Applying this rule to the present case, we find no specific undertaking by Ford to perform some act or service for Litton regarding the storage retrieval system. Consequently, the allegations made in the primary complaint did not involve any act that Ford had obligated itself to perform. Thus, Litton has not pled its freedom from active negligence and may not maintain an indemnity action against Ford.

The third-party complaint states that the accident was a result of the failure of Ford to either provide the decedent with a safe place to work or to properly train him. However, we agree with the observation of the Court of Appeals that the complaint merely alleges a complete defense to the original action, rather than a basis for implied contractual indemnity. "Where there are no allegations of vicarious liability and a primary defendant seeks to disprove his own active negligence, he should do so against the primary plaintiff who brought the claim." *Williams v Litton Systems, Inc,* 164 Mich App 195, 202; 416 NW2d 704 (1987).

I do not think it is correct to say that "Litton cannot obtain contribution from Ford because the exclusive remedy provision of the workers' compensation act has been held to relieve the injured worker's employer from liability to make contribution." *Ante,* p 760. It is not correct because, if a third party could prove it was free from active negligence and the employer did not perform an assumed obligation to the third-party plaintiff, the employer could be held liable for indemnity notwithstanding the workers' compensation statute.

Turning to the cases of *Hill v Sullivan Equipment Co,* 86 Mich App 693; 273 NW2d 527 (1978), and *Kirin v Riise Engineering Co,* 148 Mich App

278; 384 NW2d 149 (1986), the facts in *Kirin* and in *Hill* involve an employer who purchased equipment from a manufacturer. In both instances, the employer specifically rejected significant safety features that were ordinarily attached by the manufacturer. The employer assured the manufacturer that it (the employer) would add the required safety features and that the equipment would not be accessible to the employees. In both cases, the employers' failure to fulfill their assurances resulted in injury to the plaintiffs. Each plaintiff was successful in a products liability action against the manufacturer who, in turn, sought indemnification from the employer.

Applying my proposed rule to the facts of *Kirin* and *Hill* would yield the same results as those of the Court of Appeals. Each employer made a specific undertaking to add the missing safety features, and each plaintiff successfully held the respective manufacturer liable for the failure of the employer's obligation. Therefore, an action for indemnification did exist. While I believe that *Kirin* and *Hill* are distinguishable from the instant action, the conflict between the Court of Appeals panels can be resolved by the application of the above proposed rule.

Another concern raised by the majority is that *Kirin* and *Hill* are cited for the proposition that "freedom from active negligence is not a prerequisite to maintaining the action." *Ante,* p 758. I believe that their concern is misplaced. While it is true that panels of the Court of Appeals "have construed *Hill* as standing for the proposition that freedom from active fault is not a precondition to an implied contractual indemnity claim," *Kirin* at 283, the remainder of the cited paragraph continues to say:

> However, as noted in *Reed v St Clair Rubber Co,*
> 118 Mich App 1, 10; 324 NW2d 512 (1982), and
> *Clark Equipment Co v Jones & Lamson* [144 Mich
> App 91, 99; 373 NW2d 249 (1955)], *Hill* was unique
> in that the allegations of the third-party com-
> plaint, if proven, would establish that the sole
> cause of plaintiff's injury was the third-party de-
> fendant's negligence. *Thus, in permitting the case
> to go to trial, the Hill majority did not conclude
> that freedom from active fault was not a precondi-
> tion to recovery under an implied contractual
> indemnity theory.* Rather, the majority held only
> that the third-party plaintiff should be given an
> opportunity to prove that it was in fact completely
> free of any active fault in bringing about the
> injury. [*Id.* at 284. Emphasis added.]

Therefore, while I believe that the majority is
correct in stating that Litton argues for the propo-
sition that freedom from active negligence should
not be a prerequisite to maintaining an indemnity
action is correct, I believe that *Kirin* and *Hill* are
cited incorrectly.

I believe that the third-party complaint should
be reviewed with the primary complaint in deter-
mining whether an indemnity action exists. How-
ever, I do concur with the majority that the deci-
sion of the Court of Appeals should be affirmed.