ST LUKE'S HOSPITAL v GIERTZ

Docket No. 107884. Argued April 8, 1998 (Calendar No. 10). Decided
July 30, 1998. Rehearing denied 459 Mich 1204.

St. Luke's Hospital brought an action in the Saginaw Circuit Court
seeking recovery from Tamarra J. Giertz, personal representative of
the estate of A. Timothy Truman, M.D., deceased, for monies paid
in settlement of an underlying malpractice claim on theories of
statutory contribution, common-law indemnification, and unjust
enrichment. The court, Lynda L. Heathscott, J., granted summary
disposition for the defendant with respect to each theory, finding
indemnity to be available only if the party seeking it was not
actively negligent, and that, in the underlying case, St. Luke's chose
not to adjudicate the issue. The Court of Appeals, McDONALD, P.J.,
and P. J. CONLIN, J. (WHITE, J., concurring in part and dissenting in
part), in an unpublished opinion per curiam, affirmed regarding the
contribution and unjust enrichment theories, but reversed with
regard to the indemnification claim (Docket No. 183199). The
defendant appeals.

In a unanimous opinion by Justice CAVANAGH, the Supreme Court
*held*:

Without first seeking summary disposition in regard to its active
fault, a plaintiff may not seek indemnification from a third-party
defendant, where it settled the underlying complaint for both active
and passive fault and failed to obtain summary disposition in
regard to its active negligence did not provide the defendant an
opportunity to participate in settlement negotiations.

1. Indemnification is an equitable doctrine that shifts the entire
burden of judgment from one tortfeasor who has been compelled
to pay it, to another whose active negligence is the primary cause
of the harm. It seeks to transfer the entire loss to a tortfeasor, who
in equity should pay. Where two or more joint tortfeasors have
been actively negligent in contributing to an injury, neither is enti-
tled to indemnification, and only a claim for contribution will lie.
However, a party who is guilty of only passive negligence may
recover indemnity from the person who is actively negligent. While
settlement of an underlying complaint is permitted before suit, in
an indemnification action where the defendant is only passively at

fault, failing to provide the third-party defendant with an opportunity to settle the underlying complaint only affects the burden of proof required in the subsequent suit.

2. In this case, the plaintiff settled the underlying complaint for both active and passive negligence and failed to obtain summary disposition in regard to its active negligence or to provide the defendant an opportunity to participate in the settlement negotiations. Justice and equity require the plaintiff either to afford the estate an opportunity to participate in the settlement negotiations or to obtain summary disposition in regard to its alleged active fault. By failing to do so, it is impossible to determine whether the hospital settled the underlying complaint because it believed itself to be entirely actively at fault, partially actively at fault, or not actively at fault at all.

Reversed.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for the plaintiff-appellee.

*Fordney & Prine* (by *Andrew W. Prine*) for the defendant-appellant.

CAVANAGH, J. In this case, we are asked to decide whether the plaintiff may proceed with a separate indemnification action against the defendant after settling the underlying complaint for active and passive negligence, despite failing to obtain summary disposition in regard to its active negligence or give the defendant an opportunity to participate in the settlement negotiations of the underlying complaint. We hold that it may not.

I

Plaintiff, St. Luke's Hospital, brought this action seeking indemnification from defendant, Tamarra Giertz, the personal representative of the estate of decedent, A. Timothy Truman, M.D. St. Luke's settled claims against it with the underlying medical malpractice plaintiff, Danielle LeRoux, who is not a party to

the present action. LeRoux instituted the malpractice action in September 1991 by her next friend. She alleged both active and passive negligence against St. Luke's and active negligence against Dr. Truman. The passive negligence claim was based on the alleged negligence of Dr. A. Timothy Truman, an "employee and/or agent and/or ostensible agent" of St. Luke's. The same law firm initially represented both St. Luke's and Dr. Truman, apparently proceeding on the assumption that Dr. Truman was an employee of St. Luke's at the time of the negligence and, thus, St. Luke's was obligated by an employment contract to provide Dr. Truman with liability coverage and a defense. In its answer to the complaint, St. Luke's admitted that Dr. Truman was an employee of St. Luke's at the time treatment was rendered to the plaintiff.

In January 1992, separate counsel retained by Dr. Truman's malpractice liability carrier appeared for the estate, and a stipulation of dismissal of the estate without prejudice was entered in July 1992. St. Luke's contends that the estate was dismissed because Dr. Truman was believed to be an employee of St. Luke's. However, the estate asserts that nothing in the pleadings of the underlying action indicates any particular basis for the dismissal. In March 1993, counsel for St. Luke's informed counsel for the estate that it had received confirmation that Dr. Truman was no longer an employee of St. Luke's at the time the underlying negligence took place. It also informed counsel for the estate that it was "the intent of St. Luke's to bring the Truman estate back into the litigation to access the physician's malpractice liability insurance." However, St. Luke's never followed through on its intent,

and the estate was never brought back into the underlying litigation.

At a settlement hearing in June 1993, St. Luke's requested that the trial court approve a settlement of the underlying claim for $1,800,000. The trial court approved the settlement on July 23, 1993.

At the time of the settlement, St. Luke's neither amended its pleading in which it admitted that Dr. Truman was an employee, nor did it move for summary disposition regarding the allegation of active fault against it. The estate's counsel admitted being informed that a settlement offer was made, but it was never afforded the opportunity to participate in settlement negotiations.

In August 1993, St. Luke's brought the present action, alleging three theories of recovery against the estate: Count I alleged statutory contribution, count II alleged common-law indemnification, and count III alleged unjust enrichment. In its complaint, St. Luke's admitted that it was not Dr. Truman's employer and that it may not have had any liability for the alleged acts and omissions of Dr. Truman. The trial court granted the estate summary disposition on all three theories. Regarding the indemnification claim, the trial court opined:

> Indemnity is available only if the party seeking it is not actively negligent. To determine this, the court must examine the complaint in the underlying case. If the complaint alleges active negligence against the party seeking indemnification, he or she is not entitled to common-law indemnification. *Klawiter v Reurink*, 196 Mich App 263 [492 NW2d 801 (1992)].
>
> Plaintiff Leroux's [sic] complaint alleges liability of St. Lukes [sic] on both theories of direct negligence and respondeat superior in separate counts. Plaintiff argues that

there is a question of fact as to St. Lukes active negligence. However the issue of St. Luke's negligence was an issue to be resolved in the Leroux case, and plaintiff chose not to adjudicate the issue and settled instead.

St. Luke's filed a timely appeal in the Court of Appeals, which affirmed the trial court rulings regarding contribution and unjust enrichment, but reversed the grant of summary disposition on the indemnification claim. The panel, citing our decision in *Williams v Litton Systems, Inc*, 433 Mich 755, 761; 449 NW2d 669 (1989), first noted that where a plaintiff had only alleged active negligence, the defendant cannot seek indemnification from a third party. The panel then pointed to dicta from *Williams* that it read as providing that, "where active and vicarious negligence are alleged, the defendant would be entitled to indemnification from third parties." Unpublished opinion per curiam, issued November 5, 1996 (Docket No. 183199), slip op at 1, citing *Williams* at 761, n 10. The panel also found that the trial court properly dismissed plaintiff's claim for contribution because it failed to present evidence the contributee was given reasonable opportunity to participate in the settlement negotiations. MCL 600.2925a(3)(c); MSA 27A.2925(1)(3)(c).

The estate filed a timely application for leave to appeal the indemnification issue in this Court. We granted leave to appeal. 456 Mich 901 (1997). St. Luke's also filed an application for leave to appeal the contribution issue in this Court, which we denied.

II

At the outset, we note that this is an issue of first impression.[1] The narrow question presented is whether the plaintiff may proceed with a separate indemnification action against the defendant after settling the underlying complaint for both active and passive negligence, despite failing to give the defendant the opportunity to participate in the settlement negotiations of the underlying complaint. We hold that without first obtaining summary disposition regarding its active fault, plaintiff may not seek indemnification from the third-party defendant, because it settled the underlying complaint for both active and passive fault and did not provide defendant with the opportunity to participate in settlement negotiations.

Generally, indemnification is an equitable doctrine that shifts the entire burden of judgment from one tortfeasor who has been compelled to pay it, to another whose active negligence is the primary cause of the harm. On the other hand, contribution is the partial payment made by each or any of jointly or severally liable tortfeasors who share a common liability to an injured party. 41 Am Jur 2d, Indemnity, § 3, p 349. Therefore, while contribution distributes the loss among all tortfeasors, each bearing his pro-rata share, indemnity seeks to transfer the entire loss imposed on a tortfeasor to another, who in equity should pay.

---

[1] *Williams, supra*, relied on by both parties, is not controlling because it did not deal with the unique facts of this case involving a settlement of a complaint alleging both active and passive fault, where the third-party defendant was not afforded the opportunity to participate in the settlement negotiations.

Where two or more joint tortfeasors have been actively negligent in contributing to an injury, neither is entitled to indemnification from the other and only a claim for contribution will lie. However, a party who is guilty of only passive negligence or vicarious liability may recover indemnity from the person who is actively negligent. *Id.* at §§ 28, 29, and 30, pp 365-368.

> A person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. In order to recover, the indemnitee settling the claim must show that the indemnitor was legally liable, and that the settlement was reasonable. In the event that an indemnitor is not afforded the alternative of participating in a settlement or conducting the defense against the original claim, an indemnitee settling the claim will have the burden of establishing actual liability to the original plaintiff rather than the lesser burden of showing potential liability. [*Id.*, § 46, p 380.][2]

In Michigan, our Legislature has provided by statute that a claim for contribution will lie even though a party has settled the underlying complaint. However, it has provided potential contributees with significant protections against unfair settlements. MCL 600.2925a(3); MSA 27A.2925(1)(3) provides in relevant part:

---

[2] We note that this section permits an action for indemnification, even where notice and opportunity to participate in the settlement negotiations is not given to the potential indemnitor. However, this does not address the situation presented in this case because it presupposes that the settlement was for the first-party defendant's passive fault only. Our situation differs in that the underlying settlement was for both passive and active fault.

A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:

(a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.

(b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.

(c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.

(d) The settlement was not made in good faith.

Therefore, while settlement of the underlying complaint is permitted before suit for both indemnification and contribution, the effect of affording the third-party defendant the opportunity to participate in the settlement of the underlying complaint is different. In an indemnification action, where the defendant in the underlying action is only passively at fault, failing to provide the third-party defendant with the opportunity to settle the underlying complaint only affects the burden of proof required in the subsequent suit. On the other hand, in a contribution action, where both parties are actively at fault, failing to provide the third-party defendant the opportunity to settle the underlying complaint precludes the claim for contribution altogether.

The unique facts of this case create a much more difficult situation. The plaintiff settled the underlying complaint for *both* active and passive negligence. To further complicate the matter, it failed to provide the defendant the opportunity to participate in the settlement negotiations. Typically, settling the underlying complaint for both active and passive fault would mean that the plaintiff would only have a claim for contribution against the third-party defendant. How-

ever, as a matter of law, plaintiff failed to meet the statutory requirements for contribution.

As an alternative count, plaintiff sought indemnification from the third-party defendant because, although it settled the underlying complaint for both passive and active fault, it claims that it was really only passively at fault. It would now like a jury to determine whether the third-party defendant, the estate, should pay the $1.8 million settlement to which plaintiff alone agreed.

The fatal flaw in plaintiff's theory is that it failed to provide the estate the opportunity to participate in settlement negotiations of the underlying complaint or obtain summary disposition in regard to its active negligence. This is particularly troublesome in that the attorneys for St. Luke's clearly knew, before settlement, that Dr. Truman was not an employee of St. Luke's. Despite contacting the attorney for the estate to tell him that it would like to bring the estate back into the suit, it went forward and settled the underlying complaint without ever actually doing so or affording the estate an opportunity to participate in settlement negotiations.

We feel that justice and equity require the plaintiff either to afford the estate an opportunity to participate in the settlement negotiations of the underlying complaint or obtain summary disposition in regard to its alleged active fault. By failing to do so, it is impossible to determine whether the hospital settled the underlying complaint because it believed itself to be entirely actively at fault, partially actively at fault, or not actively at fault at all. An indemnification action cannot lie where the plaintiff was even .01 percent actively at fault. Furthermore, by failing to provide

the estate the opportunity to participate in the settlement negotiations, the estate would be forced, in a subsequent suit for indemnification, to take the position of the plaintiff in the underlying negligence action by proving the hospital's active negligence, while at the same time defending itself in the indemnification action. It would be unfair to allow St. Luke's to sue the estate for indemnification where it settled the underlying complaint for *both* active and passive fault, but failed to provide the estate the opportunity to participate in the settlement negotiations.[3] Therefore, we hold that without first seeking summary disposition in regard to its active fault, plaintiff may not seek indemnification from the third-party defendant where it settled the underlying complaint for both active and passive fault and did not provide defendant with the opportunity to participate in settlement negotiations. Of course, if the plaintiff were to be successful at the summary disposition stage regarding its active negligence, only a claim for passive negligence would remain and it would be entitled to settle the claim and seek indemnification from the defendant, even without providing the defendant the opportunity to participate in the settlement negotiations. As a consequence, however, and

---

[3] We do not address whether a plaintiff may sue a defendant for indemnification where it settled the underlying complaint for both active and passive negligence and provided the third-party defendant the opportunity to participate in the settlement negotiations because that opportunity was not given to the estate in this case. While there may be an important debate over whether a party may *ever* seek indemnification where it settled for active and passive fault, we do not need to reach that issue because clearly, under the facts of this case, plaintiff should not be allowed to because it did not seek summary disposition in regard to its active negligence, nor did it provide the defendant with the opportunity to participate in the settlement.

noted above, the burden of proof would be higher in the subsequent action because of its failure to provide defendant the opportunity to settle the underlying complaint.

We reverse the decision of the Court of Appeals, and enter judgment in favor of the defendant estate.

MALLETT, C.J., and BRICKLEY, BOYLE, WEAVER, KELLY, and TAYLOR, JJ., concurred with CAVANAGH, J.