*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIG ENTITY, LLC, doing business as
THOMPSON I.G., LLC,

   Plaintiff-Appellant,

v

AZON USA, INC.,

   Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 358531
Kalamazoo Circuit Court
LC No. 2021-000170-CB

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff manufactured insulated glass window units to be installed at the Mary Idema Pew Library on the campus of Grand Valley State University, and defendant supplied a "spacer" for those window units. Condensation got inside the window units and they started to fog from inside the window. Grand Valley State University sued plaintiff, among other entities, for the faulty windows because it alleged that the secondary sealant used to manufacture the windows did not comply with the specifications for the project. Plaintiff reached a settlement agreement with Grand Valley State University, and defendant was not a party to that litigation or settlement. Plaintiff then sued defendant for common-law and implied-contractual indemnification, alleging that defendant's spacers were defectively designed and caused the windows to fail. The trial court granted summary disposition to defendant under MCR 2.116(C)(8). We affirm.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (citation omitted).

It is undisputed that the parties do not have an express contractual agreement for indemnification. Thus, plaintiff must look to either an implied contractual right to indemnify or the common law. "In order to establish an implied contract to indemnify, there must be a special relationship between the parties or a course of conduct whereby one party undertakes to perform

-1-

certain services and impliedly assures indemnification." *Palomba v East Detroit*, 112 Mich App 209, 217; 315 NW2d 898 (1982). "[T]he right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses." *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 62; 807 NW2d 354 (2011).

Under either theory, where there is no express-contractual right of indemnification, a person can obtain indemnification only if that person is "free of negligence or fault." *Williams v Unit Handling Sys Div of Litton Sys, Inc*, 433 Mich 755, 760; 449 NW2d 669 (1989); see also *Dale v Whiteman*, 388 Mich 698, 705; 202 NW2d 797 (1972) ("It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another."); *Botsford*, 292 Mich App at 63 (holding that "common-law indemnification action[s] cannot lie where the plaintiff was even .01 percent actively at fault"). This is consistent with Michigan caselaw distinguishing claims for indemnification from claims for contribution. "Contribution distributes a loss among joint tortfeasors, requiring each to pays its proportionate share; indemnity shifts the entire loss from the party who has been forced to pay to the party who should properly bear the burden." *Id*. at 52 n 1.

"In general, whether a party is passively (vicariously) liable or actively liable for purposes of determining the availability of common-law indemnity is to be determined from the primary plaintiff's complaint." *Id*. at 63. "If the primary plaintiff's complaint contained any allegations of active negligence, rather than merely allegations of passive negligence, common-law indemnification is not available." *Id*. Similarly, this Court has also held that the underlying complaint determines if a party is actively or vicariously liable for the purposes of deciding the availability of implied-contractual indemnification. See *Walgreen Co v RDC Enterprises, LLC*, unpublished per curiam opinion of the Court of Appeals, issued August 23, 2011 (Docket No. 293608), p 11. Although this unpublished opinion is not binding precedent, MCR 7.215(C)(1), we consider it instructive and persuasive. See *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

Even though "[a] party may not support a motion under subrule (C)(8) with documentary evidence[,]" *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010), when "a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading," *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007). Plaintiff did not attach the underlying complaint by Grand Valley State University, but that complaint was not required to be attached when it was "a matter of public record in the county in which the action is commenced and its location in the record is stated in the pleading," MCR 2.113(C)(1)(a), or "in the possession of the adverse party and the pleading so states," MCR 2.113(C)(1)(b).

In the underlying case, Grand Valley State University's complaint alleged that plaintiff had breached its express warranty with the university because it had manufactured the defective window units and did not replace them with nonfaulty windows. This was the only allegation against plaintiff, and it alleged active negligence that resulted in plaintiff's direct breach of an express warranty. Further, plaintiff "alleged a complete defense to the original action" by Grand Valley State University, *Williams*, 164 Mich App at 202, rather than submit a defense based upon

implied indemnification with defendant. Thus, the trial court did not err when it granted summary disposition to defendant under MCR 2.116(C)(8).

Lastly, plaintiff argues that there is a conflict between *Williams*, 164 Mich App 195, and *Kirin v Riise Engineering Co, Inc*, 148 Mich App 278, 283; 384 NW2d 149 (1986) because this Court in *Kirin* held that "freedom from active fault is not a precondition to an implied contractual indemnity claim." This argument is misplaced, however, because this Court in *Williams*, 164 Mich App 195, concluded that *Kirin* was wrongly decided, and our Supreme Court affirmed that holding. *Williams*, 433 Mich 755.

Affirmed. Defendant, as the prevailing party, may tax its costs. MCR 7.219(A).


/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle